JAMES E. HARLESS, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

No. 51736.

(Reported in 137 N.W.2d 619)

OCTOBER 19, 1965.

Austin Rashid, of Fort Madison, for appellant.

Lawrence Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Thos. E. Tucker, Deputy County Attorney, of Fort Madison, for appellee.

RAWLINGS, J.—Appellant is no stranger to this court, he being now confined in the men's penitentiary. State v. Harless, not reported in state reports, 83 N.W.2d 401, and State v. Harless, 249 Iowa 530, 86 N.W.2d 210. He now comes before us on appeal from an order of the trial court denying him a writ of habeas corpus.

In November 1956 he was sentenced on conviction of attempting to break and enter, and was also then sentenced on conviction of being a habitual criminal. Sentences were ordered to run consecutively. He appealed and on November 12, 1957, the convictions were affirmed. State v. Harless, 249 Iowa 530, 86 N.W.2d 210. On January 17, 1958, an order was entered denying rehearing.

It was not until November 7, 1964, that appellant filed the subject petition for writ of habeas corpus, and on December 28, 1964, after hearing, the trial court denied the writ.

Appellant asserts right to release on the claim he was arrested some distance from the police station, his car then taken to the station and there searched without benefit of a search warrant, the evidence thus discovered being thereafter erroneously admitted in evidence against him, his able counsel not having asserted any constitutional barrier as an objection to the evidence so seized.

The basis of our determination of this appeal makes any further factual elaboration unnecessary.

I. When appellant's claims are reduced to their simplest form it becomes readily apparent he is challenging admissibility of evidence which he contends was tarnished by unreasonable search and seizure.

In connection with his assertion of unreasonable search and seizure because of a debatable belated search of his automobile, appellant leans heavily on Mapp v. Ohio, 367 U. S. 643, 81 S. Ct.

1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933, and Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed.2d 777.

By the utilization of what may well be described as a grape-vine process, Mapp finds, and then declares, the constitutional condemnation placed upon use of evidence gained by unreasonable search and seizure is to be observed in all criminal cases prosecuted in both federal and state courts. This may well be an oversimplified statement, but for our purpose it will suffice. In any event nothing is here to be gained by adding to the acres of paper and streams of ink already devoted to a discussion of the case. Preston then recognizes Mapp and places the stamp of disapproval on evidence obtained without a search warrant by the search of a motor vehicle not made and effected contemporaneously with a lawful arrest.

Also in support of his claim of error in admission of any evidence found in his automobile as the result of a delayed search, appellant reaches for Henry v. Mississippi, 379 U. S. 443, 85 S. Ct. 564, 13 L. Ed.2d 408, which seemingly holds, absent any apparent line of demarcation, a trial court should conduct an evidentiary hearing in order to determine whether failure on the part of defense counsel to raise constitutional rights in objection to evidence which may be tainted was inadvertent or intentional.

II. We find no claim advanced by appellant which affords him the remedy he so strenuously seeks at this very late date. In fact we need not go beyond Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed.2d 601, and the companion case, Angelet v. Fay, 381 U. S. 654, 85 S. Ct. 1750, 14 L. Ed.2d 623, for an answer to appellant's contentions. With what we deem to be decisive finality, Linkletter holds the rule announced in Mapp need not be applied retrospectively.

In effect, Linkletter says, from and after the cutoff point, June 19, 1961, date of the Mapp opinion, the rule advanced in such opinion shall stand only as a guide to *future* conduct, and admissibility of evidence in the field of search and seizure. Of course, this cutoff date applies only to cases where a final judgment of conviction has been had prior to Mapp. It thus becomes readily apparent appellant's conviction was a finality long before the cutoff date. Code sections 789.2 and 793.2.

46

We are satisfied, and in fact find, where courts are dealing with search and seizure evidence, the reasoning and conclusions in Linkletter apply to Preston and Henry, and they, like Mapp, then operate prospectively, not retroactively.—Affirmed.

All Justices concur.