Mr. Justice Clark
 

 delivered the opinion of the Court.
 

 This is a companion case to No. 95,
 
 Linkletter
 
 v.
 
 Walker, ante,
 
 p. 618. Petitioner was convicted in a New York State court in 1951 for possession of narcotics with intent to sell. On December 21, 1950, two detectives attached to the Narcotics Squad of the New York City Police Department entered petitioner’s apartment by a door opened by a painter who was just leaving. They ignored the protest of petitioner and proceeded, without a warrant, to search the apartment. Upon entering, one of the officers called an agent of the Federal Bureau of Narcotics. After two federal agents arrived the local and federal officers made a thorough search of the apartment. One of the local officers found 54 cellophane envelopes, 106 empty capsules, a box of staples and a scale. A federal agent found four packages under a hat. Analysis revealed that three of the packets contained heroin and the other contained cocaine. These items were introduced in evidence at the state trial without objection of petitioner’s counsel. Nor was objection made to the participation of the federal narcotics agents in the investigation. After conviction petitioner filed a notice of appeal to the Appellate Division but the appeal was dismissed in March of 1952.
 

 In August 1961, after
 
 Mapp
 
 v.
 
 Ohio,
 
 367 U. S. 643, was decided, petitioner resorted to state post-conviction remedies claiming that the evidence found in his apartment and introduced against him had been illegally seized and that his conviction had therefore been obtained in violation of the Fourth and Fourteenth Amendments. Upon seeking habeas corpus in the United States District Court on the same grounds his application was denied. The
 
 *670
 
 trial judge refused to apply
 
 Mapp
 
 retrospectively. The Court of Appeals sitting
 
 en banc
 
 affirmed by a divided vote. 333 F. 2d 12. We granted certiorari, 379 U. S. 815 (1964), and set this case for argument with
 
 Linkletter, supra.
 
 That case answers petitioner’s point as to the retrospective application of
 
 Mapp.
 

 However, petitioner also contends that the participation of federal narcotics agents in the search and seizure requires reversal here, citing
 
 Rea
 
 v.
 
 United States,
 
 350 U. S. 214 (1956). We cannot agree. That case invoked the supervisory power of a federal court over a federal law enforcement officer and we held that the latter might be enjoined from appearing in a state trial for the purpose of offering evidence previously seized by him illegally as a federal officer and so found by a federal court. But even if an exclusionary rule were fashioned to bar use of the federal agent’s testimony in the absence of a federal court restraint, the petitioner would be entitled to no relief. Such an exclusionary rule would depend upon the reasons given in
 
 Mapp
 
 and under
 
 Linkletter, supra,
 
 would not have retrospective application.
 

 Affirmed.
 

 Mr. Justice Black and Mr. Justice Douglas would reverse the judgment of the Court of Appeals for the reasons stated in Mr. Justice Black’s dissenting opinion in
 
 Linkletter
 
 v.
 
 Walker, ante,
 
 p. 640.