**Richard Lee INGLE, Appellant,**

v.

**Cletus J. FITZHARRIS, Superintendent, Appellee.**

**No. 21093.**

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1967.

Richard Lee Ingle, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, Ronald H. Kearney, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, KOELSCH, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Appellant's petition for habeas corpus alleged that essential elements of due process were lacking in the state prosecution leading to his conviction. The district court dismissed the petition on the ground that the state trial record conclusively demonstrated that appellant was not entitled to relief. We reverse.

1. Appellant complained that he was not accorded his due process right to an attorney's "effective aid in the preparation and trial of the case." Powell v. State of Alabama, 287 U.S. 45, 71, [53 S.Ct. 55, 65, 77 L.Ed. 158] (1932). He alleged that he had no counsel at all at trial, and that the aid tendered by appointed counsel in preparation for trial was ineffective. He charged that appointed counsel failed to seek pretrial suppression of illegally obtained evidence, to interview witnesses or arrange for their presence at trial, or to take any other steps to prepare appellant's defense. Cf. Brubaker v. Dickson, 310 F.2d 30, 39 n. 48 (9th Cir. 1962).

In affirming appellant's conviction the Supreme Court of California held that the trial record conclusively demonstrated that appellant waived his right to counsel. People v. Ingle, 53 Cal. 2d 407, 2 Cal.Rptr. 14, 348 P.2d 577, 583 (1960). The district court stated that it agreed with this conclusion; we do not.

The Supreme Court of California rested its finding of waiver upon two facts appearing in the record of the state prosecution. First, during several pretrial appearances before the state trial court, appellant expressed no dissatisfaction with his appointed counsel. Second, on the day of trial appellant told the court he wished to defend himself at trial rather than continue to be rep-

resented by then assigned counsel, though fully warned by the court of the peril involved.

Appellant asserts that when considered in their factual context these circumstances fail to establish a knowing and voluntary waiver of his right to the effective aid of counsel. He alleges that although dissatisfied with counsel's efforts he was not fully aware of their ineffectiveness until after his pretrial appearances before the trial court, when counsel notified him that a witness critical to his defense could not be secured because the "District Attorney would not permit it." Finally, appellant alleged that his election to represent himself at trial was not motivated by a desire to do without a lawyer, but rather was the result of his attorney's statement that his alternatives were either to proceed without counsel or to continue with counsel originally assigned, even though the latter was not rendering effective assistance.

■ In light of these allegations, the issue of waiver could not be resolved against appellant on the basis of the state trial court record alone. Cf. Sessions v. Wilson, 372 F.2d 366 (9th Cir. 1966); Gladden v. Gidley, 337 F.2d 575 (9th Cir. 1964); and Wright v. Dickson, 336 F.2d 878, 883 (9th Cir. 1964).

2. Appellant complained that he was denied his due process right to call witnesses in his defense. He alleged that his appointed counsel told him that the prosecuting attorney would not permit one of appellant's proposed witnesses (a co-defendant who had pleaded guilty) to be subpoenaed. He also alleged that after he advised the prosecuting attorney that he intended to represent himself at trial, the prosecuting attorney asked him if there were anything he needed; and in response he gave the prosecuting attorney two lists containing the names of eleven persons whose testimony he desired, but none of these were subpoenaed. Cf. United States ex rel. Drew v. Myers, 327 F.2d 174, 182 (3d Cir. 1964); MacKenna v. Ellis, 263 F.2d 35, 42–44 (5th Cir 1959), and 280 F.2d 592, 602–603 (5th Cir. 1960).

The district court rejected appellant's contention on the ground stated by the Supreme Court of California in disposing of the same contention, that is, that the state trial record was "devoid of anything to show that the trial court was at any time cognizant of or refused to honor the request for process." People v. Ingle, 53 Cal.2d 407, 2 Cal.Rptr. 14, 20, 348 P.2d 577, 583 (1960).

■■ But appellant alleged that the state trial judge was in fact aware of appellant's desire to subpoena witnesses, despite the absence of any indication to that effect on the face of the trial record. Moreover, appellant alleged facts outside the state trial record implicating the prosecuting attorney in the denial to appellant of a reasonable opportunity to obtain trial witnesses; and it would not diminish appellant's right to relief if it were the prosecuting officer, rather than the judge, who prevented a fair trial. Cf. Brady v. State of Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Mooney v. Holohan, 294 U.S. 103, 112–113, 55 S.Ct. 340, 79 L.Ed. 791 (1935); Burwell v. Teets, 245 F.2d 154, 163 (9th Cir. 1957).

Reversed and remanded for an evidentiary hearing.

KOELSCH, Circuit Judge (concurring).

I concur. Whether a waiver can be implied will turn, of course, upon the issue of whether Ingle's objection to his appointed counsel was valid or frivolous.

It is unfortunate that the state trial judge did not resolve that issue prior to the trial, for Ingle even then had voiced vigorous general dissatisfaction with his appointed counsel. I believe—and my views find confirmation from the interesting discussion appearing in Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (1959), cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262,— that it is better practice for trial judges to delay trials, if necessary, and properly settle such complaints immediately than to make peremptory rulings and risk new trials later.