**Ernest Paul MALDONADO, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 21430.**

United States Court of Appeals
Ninth Circuit.
April 21, 1967.

Ernest P. Maldonado, appellant, in pro. per.

Darrell F. Smith, Atty. Gen. of Ariz., James S. Tegart, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before POPE, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

Appellant seeks release on habeas corpus from Arizona state custody pursuant to state conviction of the crime of burglary. He has appealed from the order of the District Court denying the writ without issuing an order to show cause or holding an evidentiary hearing. Two issues are presented by this appeal.

1. Appellant contends that the delays between arrest, on March 8, 1961, and arraignment, on May 26, 1961, 79 days, and between arraignment and trial, on August 29, 1961, 95 days, were an unconstitutional violation of his right to speedy trial.

That right does not depend on any fixed formula or time limitation, but upon all the circumstances of the case. Relevant factors include reasons for the delay, demands by the accused and treatment of the accused by the police.

"The delay must not be purposeful or oppressive * * * the essential ingredient is orderly expedition and not mere speed." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

Here defendant gives no indication as to how he was prejudiced by the delay. His confession (with which we deal later) was in no way attributable to delay.[1] Under all of the circumstances we find no violation of constitutional rights. In this respect the District Court is affirmed. See State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962), cert. denied, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236 (1962).

2. Appellant contends that a written confession introduced in evidence on his state trial, was involuntary. The District Court ruled that since the record establishes that the confession was received in evidence without objection, there had been an effective waiver of appellant's right to its suppression.

The state trial transcript was not made a part of the record, and questions remain unanswered which are importantly relevant to the issue of waiver or deliberate bypass of state procedures.

Primarily, the record does not disclose why no objection was made, and it cannot be ascertained on the limited record that failure to object constituted a deliberate

[1]. The confession was obtained by police officers at a hospital where Maldonado was being treated, the same evening as the burglary occurred, March 8th.

bypass. Cf. Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966).

The necessity for remand under these circumstances was explained recently by this court in Pembrook v. Wilson, 370 F.2d 37, 41 (9th Cir. 1966), where we said:

"Since these factual questions cannot be resolved by reference to the record, as we were able to do in Kuhl v. United States, 9 Cir., 370 F.2d 20, the issue of deliberate by-passing can only be determined after ' * * * the federal court has satisfied itself, by holding a hearing or by some other means of the facts bearing upon the applicant's default.' Fay v. Noia, 372 U.S. 391, at 439, 83 S.Ct. [822], at 849 [9 L. Ed.2d 837].

"Therefore, in the absence of some explanation in the record as to these matters, the district court had no reason, nor have we, to hold that Pembrook deliberately by-passed state procedures. This by-pass question is a matter to be explored in appellee's return to the application and at a hearing on the application and return."

Since remand becomes necessary we note other relevant questions which are suggested by the limited record before us.

Before the question of waiver is ever reached, it must be determined that the state trial court failed to examine into and determine the question of the voluntariness of the confession. The record gives no conclusive answer.

While a minute entry discloses that the confession was received without contemporary objection, the record does not disclose whether the issue of voluntariness was subsequently raised or whether it had been raised and disposed of pretrial. While we do not have the charge to the jury, the record discloses rulings on proposed instructions which suggest that the issue was given to the jury. If the issue was raised, we do not know how it was raised nor whether action by the judge was involved in its resolution. Problems under Jackson v. Denno,

378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), are suggested. Cf., Owen v. Arizona, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964).

Further, implicit in the problem presented here is the unresolved question whether appellant's right was such as could be waived on his behalf by counsel or whether it is to be distinguished in that respect from the right with which we were concerned in Kuhl v. United States, supra: the right to suppression of evidence obtained in an unlawful search. Bearing on this potential question of law is the question of fact whether, if there was a waiver or deliberate bypass, it was the intelligent choice of appellant himself.

Reversed and remanded for further proceedings.