**George Albert CURRY, Petitioner,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, et al., Respondents.**

**No. 45068.**

United States District Court
N. D. California.

June 2, 1967.

**10**

J. Thomas Rosch, San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., State of California, John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for respondents.

ZIRPOLI, District Judge.

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner is a California State prisoner confined at the San Quentin State Prison pursuant to a sentence of from five years to life entered after a jury trial and conviction of second degree murder. Cal.Pen.Code § 187. Subsequent to his conviction petitioner appealed to the District Court of Appeal, which affirmed the conviction. People v. Curry, 192 Cal.App.2d 664, 13 Cal.Rptr. 596 (1961). He then pursued appropriate state post conviction remedies, so that he has fully exhausted his available state remedies as to all issues presented.

In this petition he seeks relief by way of habeas corpus, alleging (1) that his constitutional right to counsel was violated when incriminatory statements were taken from him and introduced in evidence at his trial, (2) that these statements were rendered involuntary by virtue of police coercive tactics used to obtain them, (3) that incriminatory statements made by petitioner were rendered involuntary by virtue of his voluntary intoxication and that it was constitutional error to allow them to be introduced in evidence against him, (4) that it was constitutional error to fail to instruct the jury that it must consider petitioner's degree of intoxication and the failure to warn him of his constitutional rights in assessing the voluntariness of these statements, and (5) that he was inadequately represented by counsel.

Allegations 1 through 3 have been previously considered by this court, Curry v. Wilson, Civil No. 44066, N.D.Cal.S.D., decided January 28, 1966, and a finding adverse to petitioner made. It is clear that the court need not rehear these allegations, and in its discretion and for the reasons stated below, it does not choose to do so. 28 U.S.C. § 2244.

A hearing on the order to show cause issued in this matter was held, at which both petitioner and respondent were represented by very able counsel. Counsel for petitioner argued with admirable vigor that this court ought to review the circumstances surrounding the giving of incriminatory statements shortly after petitioner's arrest for the alleged homicide. He contended, first, that the failure to warn petitioner of his right to remain silent and of his right to counsel should be considered in assessing the voluntariness of the statements, and second, that the record shows that petitioner was so intoxicated that he could not have given the statements voluntarily. For the reasons stated in the opinion of the California District Court of Appeal, People v. Curry, supra, and the reasons stat-

ed in the prior opinion of this court, Curry v. Wilson, supra, the court concludes that petitioner waived any objection he may have had on that ground by deliberately by-passing the California contemporaneous objection rule. Petitioner's reliance upon the language in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), does not persuade the court to the contrary.

■ With respect to petitioner's contention that his voluntary intoxication rendered his statements inadmissible, great reliance is placed upon Unsworth v. Gladden, 261 F.Supp. 897 (D.Oregon 1966), appeal docketed No. 21738, 9th Cir., March 1967. The court does not find *Unsworth* persuasive because of the stipulation on the part of counsel that the statements might be admitted in evidence and because the court is also of the opinion that the fact of voluntary intoxication goes to the weight to be given the statements, not to their admissibility. See People v. Curry, supra, 192 Cal.App. 2d at 670, 13 Cal.Rptr. 596.

■ Moving to the new allegations, it is first apparent that the claim of inadequacy of counsel is without merit. A review of the 1238 page transcript shows that petitioner's counsel presented an active defense of a difficult case. The conduct of petitioner's case, the cross-examination of witnesses and legal arguments made by counsel were far above the level that would shock the conscience and make the proceedings a mockery of justice. Knowles v. Gladden, 378 F.2d 761, (9th Cir., decided May 3, 1967).

■ Petitioner's final contention is that the jury was not properly instructed on its responsibility to determine the voluntariness of the statements in question. He relies upon Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), and Unsworth v. Gladden, supra, for the proposition that the jury must, as a matter of constitutional due process, be instructed to consider the failure to warn petitioner of his right to remain silent and his right to counsel, and further that his state of voluntary intoxication must be considered with respect to its duty to determine whether or not the statements were voluntary. *Haynes* does not stand for this proposition at all. The Supreme Court in that case determined on an independent review of the record that the incriminatory statements could not have been voluntary. It is further noteworthy that at the time Haynes was tried, the Washington procedure left the determination of voluntariness entirely to the jury to be determined in a general verdict. This procedure was later ruled unconstitutional in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). California, on the other hand, follows the "Massachusetts rule", which requires that the judge make an initial determination of voluntariness, thus adding an additional safeguard. On the facts of this case it is also significant that petitioner's counsel did not object, but in fact stipulated to the use of most of the statements, while in *Haynes* there was timely objection. Unsworth v. Gladden, supra, does contain a dictum to the effect that it would be constitutional error to fail to give a jury an instruction to give less weight to statements which are made under the influence of alcohol. This court is not in accord with that dictum, insofar as it purports to set forth a constitutional mandate and declines to apply it to the facts of this case.

Accordingly, the court concludes that petitioner's contentions are without merit and that this petition for a writ of habeas corpus must be denied and the proceedings dismissed.