George Albert CURRY, Appellant,

v.

Lawrence E. WILSON, Warden, et al., Appellee.

No. 22030.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1968.

Rehearing Denied Jan. 31, 1969.

James Harrington Jr., (argued) and J. Thomas Rosch, San Francisco, Cal., for appellant.

John T. Murphy, (argued) Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and BYRNE, Senior District Judge *.

DUNIWAY, Circuit Judge:

Appeal from denial of a writ of habeas corpus. The opinion of the district court is reported at 269 F.Supp. 9. We affirm.

Curry was charged in the Superior Court of Orange County, California, with murder in the first degree. At his trial in 1960, which lasted 14 days, he was represented by retained counsel. The result was a conviction of murder in the second degree. He appealed to the California District Court of Appeal, which affirmed. People v. Curry, 1961, 192 Cal.App.2d 664, 13 Cal.Rptr. 596. That court's opinion sets out the basic facts at length, and this opinion assumes familiarity with it.

Curry has twice sought habeas corpus, unsuccessfully, in the California Supreme Court. Between those two attempts, he also sought habeas corpus in the United States District Court for the Northern District of California, which was denied. He did not appeal from that denial. This appeal is from denial of a second petition to that court.

In his petition, Curry raises the following issues: (1) that use at his trial of certain statements made by him after his arrest violated his constitutional right to counsel; (2) that the statements were involuntary because coerced; (3) that they were involuntary because of his intoxication; (4) that certain instructions to the jury violated his constitutional rights; and (5) that he was inadequately represented by his counsel.

The first three grounds were raised in his first petition to the District Court. In passing upon the present petition, the judge refused to consider them again, citing 28 U.S.C. § 2244. It is usually within the judge's discretion to do so. Sanders v. United States, 1963, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed. 2d 148. The prior decision was "on the merits," the court having then held that the issues raised were precluded because there had been a deliberate by-passing of the state's contemporaneous objection rule, citing Nelson v. California, 9 Cir., 1965, 346 F.2d 73, cert. denied, 1966, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367. Such a deliberate by-passing is a proper ground for denial of the writ. Fay v. Noia, 1963, 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837.

Here, however, the deliberate by-pass rule is not applicable. The California District Court of Appeal disposed of the portions of Curry's contentions on appeal which were substantially the same as the first three grounds raised in this and the prior federal habeas corpus proceeding (see Sanders v. United States, supra, 373 U.S. at 16, 83 S.Ct. 1068), on two grounds. The first was:

"Defendant next contends there was error in the introduction and use of tape recordings of interrogation of defendant. This objection is likewise

---

* Honorable William M. Byrne, Senior District Judge, Central District of California, sitting by designation.

without merit. Not only was there no objection to the introduction of these recordings, they were both actually introduced on stipulation of both counsel. Adequate foundation was properly laid by the prosecution for their introduction, and there was no valid reason why they should not be heard by the jury. People v. Albert, 182 Cal.App.2d 729, 736[1], 741[14], 742[15b], 6 Cal.Rptr. 473." (People v. Curry, supra, 192 Cal.App.2d at 670, 13 Cal.Rptr. at 599.)

If the court had refused to consider the merits of those contentions for the reasons just stated, the deliberate by-pass rule would be applicable.

■■ But the District Court of Appeal went further. It proceeded to consider Curry's contentions on the merits and rejected them. People v. Curry, supra, 192 Cal.App.2d at 671, 13 Cal.Rptr. at 600. Under these circumstances, the deliberate by-pass rule is not available. Warden, Md. Penitentiary v. Hayden, 1967, 387 U.S. 294, 87 S.Ct. 1642, 18 L. Ed.2d 782. There the Court held that where the state court actually passes on the merits of the claims, the deliberate by-pass rule does not apply. 387 U.S. at 297, n. 3, 87 S.Ct. 1642. To that extent, *Nelson* is no longer good law. Consequently, we consider Curry's first three grounds on the merits.

■ In our opinion the record of Curry's trial conclusively shows that his counsel deliberately, as a matter of trial strategy, which proved to be successful, waived those grounds. What counsel did was not a mere by-passing of a contemporaneous objection rule. It was an affirmative decision to waive the objections that he might have raised. That waiver is binding on Curry.[1]

There were two types of statements received. The first were made immedi-

ately after the shooting, and were apparently spontaneous. The others were the result of questioning by police officers. All of them came in without objection. Taped recordings and transcripts of the latter statements were received under express stipulation by Curry's counsel. When the first tape recording was received, Curry's counsel, in addition to stipulating, said "Well, *I want them [the jury] to hear it."* [Emphasis added.]

The trial record also makes counsel's reasons clear. There was no doubt that Curry had shot and killed a policeman. The only real question in the case was the degree of guilt. The statements and the tape recording played to the jury contained much evidence of remorse, many denials of intent to injure anyone, much less to kill, and much evidence that Curry was befuddled by drink. Counsel obviously believed that they would help him to persuade the jury not to bring in a verdict of murder in the first degree. His argument to the jury covers 91 pages of the trial transcript. At no time did he argue that Curry did not fire the fatal shot; to have done so would have been stupid. The first 70 pages of his argument are almost entirely devoted to an endeavor to persuade the jury that, because of his being exceedingly drunk, Curry could not have had the intent necessary to sustain a conviction of first degree or second degree murder or of voluntary manslaughter—that the most that the jury could find was involuntary manslaughter. This argument he strongly buttressed, in the next 13 pages of his argument, by an analysis of one of the tapes of Curry's questioning by the police. The opening sentences of his portion of the argument are as follows:

"Now, there is something that should be covered and that is the question of these tapes, these recordings. Now,

1. The questions whether the right to suppress a confession unconstitutionally obtained can be waived, and whether counsel can waive it, were reserved in Maldonado v. Eyman, 9 Cir., 1967, 377 F.2d 526, 528. We can perceive no such fundamental difference between confessions and unlawfully obtained evidence as to warrant a different rule for the former than the rule that applies to the latter—at least not in a case involving such a waiver as is here involved.

take the one—take the one that you heard. Listen to it very carefully, and if this isn't the discussion of a man whose mind is befuddled, confused and, mind you, he has had a lot of stimuli working on him, he has been handcuffed, he has been brought in, he has been told here that he shot someone, all these things are the same as a policeman stopping to arrest you for a 502 or something, you are bound to be coming to a little bit about this time to some degree. But he doesn't—Mr. Curry doesn't recall any of these things."

Counsel's strategy, while not wholly successful in that he did not get a verdict of involuntary manslaughter, was sufficiently successful that it defeated the first degree murder charge. Counsel did very well by his client.

The Supreme Court, in Warden, Md. Penitentiary v. Hayden, supra, did not overrule our decision in Nelson v. California, supra, insofar as it holds that it is for counsel, not the defendant, to make the kind of decision that was here made, that such a decision is, in substance, a waiver of the constitutional objection that might otherwise have been raised, and that such a decision binds the client, even though he expressly disagreed with it. In all of these respects, the rationale of *Nelson* is in point here. Indeed, this is a stronger case for affirmance than *Nelson*. Here, counsel wanted the evidence to be before the jury because he believed that it would be valuable to Curry in support of the only defense that offered even a remote chance of success. This was not the situation in *Nelson*.

The *Nelson* principles are equally applicable to the claim that counsel could not have waived the third contention—that intoxication made Curry's statements involuntary and that there should be a hearing on the question, because

our decision in Gladden v. Unsworth, 9 Cir., 1968, 396 F.2d 373, had not then come down. Cf. Kuhl v. United States, 9 Cir., 1966, 370 F.2d 20, 23, 25–27. Curry's counsel argued to the jury that the statements were the product of Curry's drunkenness and of repeated suggestive questions by his interrogators. But he did not want the jury to disregard the statements on that ground. On the contrary, he asked the jury to give careful consideration to them on just that ground, as further proof in support of his basic thesis—that Curry was so befuddled that he could not have had the requisite criminal intent.[2] Cf. Delaney v. Gladden, 9 Cir., 1968, 397 F.2d 17, 22 n. 6.

Under the facts of this case we regard as immaterial Curry's allegation that his counsel told him that the time to raise the question of voluntariness of his statements was on appeal rather than at trial. Assuming that counsel said it, it is nonetheless abundantly clear from the record of the trial that counsel wanted the jury to hear the statements, that he relied on them heavily as supporting the only real defense that he had, and that his reliance was successful. It would be a perversion of the judicial process to now give Curry the best of two worlds upon the basis of such an alleged statement by his counsel. Cf. Nelson v. California, supra, 346 F.2d at 81; Kuhl v. United States, supra, 370 F.2d at 27. A contrary result would enable counsel for a defendant to try one strategy by deliberately using, for his client's benefit, evidence that could be claimed to be constitutionally tainted and then, if not satisfied with the result, to get a second trial by claiming that the constitutional taint requires a reversal in spite of his tactical decision. We do not think that the California courts favor

---

2. To us, the trial record makes counsel's strategy so clear that to hold a hearing on the question of what his strategy was would be an exercise in futility.

We are mindful of the Supreme Court's admonition in Townsend v. Sain, 1963, 372 U.S. 293, at 319, paragraph Fourth, 83 S.Ct. 745, 9 L.Ed.2d 770.

such a result;[3] we do not think that this court should favor it either.[4]

■ The fourth claim, error in instructions as to when a confession can be held involuntary, does not, in this case, rise to a constitutional level. The instruction was offered by the prosecutor, not by Curry's counsel. It related to an issue that was not in the case because, as we have said, the point that Curry's statements were involuntary was waived. We can find no error of constitutional dimensions here. The prosecutor handed Curry an extra element in his defense, on which he did not rely. Cf. Sylvia v. United States, 1 Cir., 1963, 312 F.2d 145, cert. denied, 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032.

■ The fifth claim, that Curry was inadequately represented by counsel, is belied by the record and the result.

Affirmed.

BROWNING, Circuit Judge (concurring in part, dissenting in part).

## I

The majority correctly holds that since the state appellate court passed on the merits of appellant's constitutional claim, the district court erred in rejecting the claim on the ground that at trial appellant had deliberately bypassed state procedures for raising it. See Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 297 n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The deliberate bypass rule allows a federal habeas court, in a proper case, to avoid subverting a state's efforts to assure orderly criminal procedures by giving the court "a limited discretion" to refuse to hear a federal claim which, because of a purposeful procedural default by the applicant, has been forfeited in the state courts. Thus, the offender is punished for his default, and others are deterred from similar defaults in the future. Fay v. Noia, supra, 372 U.S. at 431–434, 438–439, 83 S.Ct. 822, 9 L. Ed.2d 837.

If in a particular case, however, the state court decides that the state's interest in assuring orderly procedures does *not* require that the offender be denied review of the merits of his federal claim, the reason for abstention by the federal habeas court no longer exists. Obviously, this is true whatever the nature or purpose of the petitioner's default may have been; these factors are irrelevant to the rationale of the rule. In short, because the "deliberate bypass" rule exists only to promote comity between state and federal courts, a federal court may not rely on a state procedural default when the state courts have ignored the default and adjudicated the merits of the federal issue. E.g., Hayden v. Warden, 363 F.2d 647, 650 (4th Cir. 1966), rev'd on other grounds, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed. 2d 782 (1967); Wright & Sofaer, Federal Habeas Corpus for State Prisoners, 75 Yale L.J. 895, 962 (1966).

The majority makes a passing suggestion that it does not agree with the balance which the California appellate court struck in this case between the state's interest in orderly criminal pro-

---

3. See People v. Barnes, 1947, 30 Cal.2d 524, 183 P.2d 654; People v. Marquez, 1968, 259 Cal.App.2d 629, 66 Cal.Rptr. 615; People v. Bauer, 1966, 241 Cal. App.2d 632, 50 Cal.Rptr. 687; cf. People v. Dugas, 1966, 242 Cal.App.2d 244, 51 Cal.Rptr. 478, 482–83; People v. Williams, 1963, 220 Cal.App.2d 108, 33 Cal.Rptr. 765, 769; People v. Bonman, 1962, 201 Cal.App.2d 248, 20 Cal.Rptr. 238, 241–42. These cases seem to indicate that the District Court of Appeal was in error when it considered the merits of Curry's claims in the course of his appeal. We have seen no California case that holds that a defendant is entitled to raise the question on appeal or. to get a new trial, where the evidence came in by stipulation, or where defense counsel wanted it before the jury and relied on it in support of his defense, as was the case here.

4. See Symons v. Klinger, 9 Cir., 1967, 372 F.2d 47, 49–50, distinguishing Brookhart v. Janis, 1966, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314.

cedures, on the one hand, and, on the other, "the obligation which rests upon 'the State courts, equally with the courts of the Union * * * to guard, enforce and protect every right granted or secured by the Constitution of the United States.'" Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 831, 3 L.Ed.2d 900 (1959) (see majority opinion note 3 and related text). As the majority implicitly recognizes, however, it was the function of the California appellate court to decide whether the state's interest in orderly procedure required that appellant be denied a ruling on the merits of his constitutional claim in the circumstances of this case. The California appellate court decided that it did not. That ends the matter, for it rests exclusively with the California courts, and not at all with this court, to determine the state's true interests in this area.[1]

The district court was therefore required to consider fully the merits of appellant's claim that his conviction was procured by use of involuntary statements in violation of the Fourteenth Amendment. This the district court did not do.

## II

The majority nonetheless sustains the district court's dismissal of appellant's petition for habeas corpus on the ground that appellant waived his right not to be convicted by the state through use of his involuntary confessions.[2] The majority holds that a district court hearing is unnecessary because such a waiver is conclusively established by the state trial court record.

The majority has suggested no reason why the rationale of Warden, Md. Pen-

---

1. That is not to say that the majority's criticism of the California appellate court is justified. On the contrary, the California court's decision to examine appellant's claim on the merits was the proper one.

   The facts relating to the voluntariness of the confessions were before the court, having been fully developed at trial. At the suggestion of the prosecution the issue of voluntariness had been submitted to the jury. The claim was substantial—the confessions were obtained after intensive, repetitious, and highly suggestive questioning over a period of hours while appellant was without counsel, had not been advised of his rights, and was grossly intoxicated. An involuntary confession may well be untrue; use of such a confession may therefore impeach the integrity of the fact-finding process, and create a clear danger of convicting the innocent. Johnson v. New Jersey, 384 U.S. 719, 727–729, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). See Note, State Criminal Procedure and Federal Habeas Corpus, 80 Harv.L.Rev. 422, 435 (1966). The California Supreme Court has repeatedly held that the issue of the voluntariness of a confession is always open on appeal even though not raised in the trial court. People v. Matteson, 61 Cal. 2d 466, 39 Cal.Rptr. 1, 393 P.2d 161, 163 (1964); People v. Underwood, 61 Cal.2d 113, 37 Cal.Rptr. 313, 389 P.2d 937, 944 (1964); People v. Millum, 42 Cal.2d 524, 267 P.2d 1039, 1041 (1954).

   The lower court decisions cited in footnote 3 of the majority opinion are not to the contrary. None involved the voluntariness of a confession. In People v. Barnes, 30 Cal.2d 524, 183 P.2d 654 (1947), the Supreme Court of California held that the trial court did not err in refusing to instruct the jury that it should decide whether the confession was voluntary where the defense had stipulated that it did not contend that the confession was involuntary. The prosecution had accepted this stipulation in lieu of laying a foundation for the admission of the confession, and had refrained from introducing evidence to show that the confession was voluntary. Clearly, People v. Barnes is distinguishable from the present case. In this case, the appellant did not specifically stipulate to the voluntariness of the confessions, facts relevant to that issue were presented both by the appellant and by the prosecution, and the issue was submitted to the jury under an instruction suggested by the prosecution.

2. This is a proper statement of the issue. Since the deliberate bypass doctrine is inapplicable, the question is not whether appellant waived merely the right to present his claim to the state court and get a ruling on it (the issue in Nelson v. People of State of California, 346 F.2d 73 (9th Cir. 1965), and other deliberate bypass cases), but rather whether he waived the substantive constitutional right itself.

itentiary v. Hayden does not apply to the waiver of the underlying constitutional right as well as to the deliberate bypass of a state procedure for asserting that right.[3] If such a distinction exists, it is surprising that no mention of it appears in the opinion of either the Supreme Court or of the Court of Appeals in *Hayden.*

The same conduct by counsel in the state proceedings will ordinarily be involved whether the issue is waiver or deliberate bypass. The interest protected by refusing to consider the merits of the claims on either ground would appear to be the same—that is, the state's interest in the integrity of its judicial system. When the state has declined to forfeit the federal claim in order to protect that interest, there would appear to be no more reason for a federal court to do so on the ground of a waiver than on the ground of deliberate bypass. For this court to forfeit the federal claim when the state court has not presents the anomaly of a state court disregarding its own interest to adjudicate a federal claim while the federal court disregards the federal claim to protect the state's interest.

Under this view, there is no justification for the majority's distinction between a "mere" bypass and "an affirmative decision to waive the objections." Since the only issue is whether a federal court will protect a state interest by enforcing the state's forfeiture of the constitutional claim, the nature and purpose of the petitioner's conduct in the state court proceeding are as irrelevant to the issue of waiver as the majority implicitly recognizes they are to the issue of deliberate bypass.[4]

In addition, a substantial argument can be made that imprisonment under a conviction procured by use of an involuntary confession is intolerable to civilized society and cannot be justified under the Fourteenth Amendment by *any* act or omission of the accused. This interpretation of the Fourteenth Amendment has support in Supreme Court decisions [5] and appears to have been adopted by the California Supreme Court.[6]

3. The majority supports its holding on waiver of the constitutional right by the citation of cases which purport to deal only with the deliberate bypassing of the procedural right to raise the constitutional issue, e. g., Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966), and Nelson v. People of State of California, 346 F.2d 73 (9th Cir. 1965).

4. Deliberate bypass includes bypass for "strategic" or "tactical" reasons (Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)), and thus includes the kind of affirmative decision which the majority attempts to distinguish from a "mere" bypass. In Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), the Court applied the deliberate bypass doctrine where the record suggested the same kind of affirmative decision to waive a constitutional objection as the majority finds here. See 379 U.S. at 451, 85 S.Ct. 564.

5. E. g., Lee v. Mississippi, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330 (1948); Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936). See also Fay v. Noia, 372 U.S. 391, 414, 83

S.Ct. 822, 9 L.Ed.2d 837 (1962). In Brown v. Mississippi, counsel had objected to confessions when they were offered but not after the fact of coercion had been proved. The state argued that this procedural default removed the issue from the case. Of the argument, the Court said that

"It is a contention which proceeds upon a misconception of the nature of petitioners' complaint. That complaint is not of the commission of mere error, but of a wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void." 297 U.S. at 286, 56 S.Ct. at 465.

6. See note 1. In People v. Millum, 42 Cal.2d 524, 526, 267 P.2d 1039, 1040–1041 (1954), the Supreme Court of California said:

"[A] confession may not be the basis of a conviction if the confession was obtained by brutality, * * * or by sustained pressure through unrelenting interrogation which either in fact broke defendant's resistance so that he answered against his will, * * * or may be assumed to have

It is no answer simply to assert that there is "no * * * fundamental difference between confessions and [other] unlawfully obtained evidence" (note 1, majority opinion). The differences are obvious.[7]

Aside from these deficiencies in the majority's treatment of the legal issues, the majority errs in its holding that the record conclusively establishes a waiver in this case.

The rules that govern the determination of whether a constitutional right has been waived are summarized in Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314 (1966):

> "The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, see, e.g., Glasser v. United States, 315 U.S. 60, 70–71 [62 S.Ct. 457, 464–465, 86 L.Ed. 680], and for a waiver to be effective it must be

clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461."[8]

Giving due weight to the contrary presumption, it cannot be said that the state trial court record conclusively establishes that appellant intentionally abandoned a known right to exclude these confessions as evidence of guilt. An evidentiary hearing in the district court is therefore required.[9]

In the first place, it is at best highly improbable that at the time of trial appellant's counsel could have intentionally relinquished a "known" right to exclude the confessions as evidence of guilt on the ground that they were involuntary because of appellant's intoxication. At the time of trial, intoxication short of mania or unconsciousness of the meaning of words was not a basis for finding a confession involuntary. The rule followed in California when appellant was tried

---

broken defendant's resistance so that he answered against his will because the questioning was carried on under circumstances which may be called 'inherently coercive.' * * * A conviction so premised and allowed by state procedure is said to constitute a violation of due process under the Fourteenth Amendment. The 'wrong [is] so fundamental that it [makes] the whole proceeding a mere pretense of a trial and [renders] the conviction and sentences wholly void.' Brown v. State of Mississippi, supra, 297 U.S. at page 286, 56 S.Ct. at page 465. This being so, it follows that the state cannot then rise above the defect and erase the unconstitutional result of its trial procedure by utilizing still another of its procedural rules to prevent the defendant from raising the question on appeal. * * * To hold that the defendant could never assert the involuntariness of a confession on appeal where a timely objection had not been made would, under such circumstances, constitute state sanction of the denial of due process which took place in the trial court. The due process clause proscribes state procedure at this point and guarantees that the question may be asserted on appeal." (citations omitted).

7. For example, as noted earlier (note 1), the involuntariness of a confession undermines its reliability, and its use therefore threatens the integrity of the fact-finding process and creates a danger of convicting the innocent. Johnson v. New Jersey, 384 U.S. 719, 727–729, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). There is usually no reason to doubt the reliability of other illegally obtained evidence, however. Linkletter v. Walker, 381 U.S. 618, 638, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

8. For the reason suggested in note 7, a particularly severe standard of waiver is appropriate when the question is whether the defendant waived the right to exclude an involuntary confession. See Note, State Criminal Procedure and Federal Habeas Corpus, 80 Harv.L.Rev. 422, 435 (1966).

9. See Ingle v. Fitzharris, 375 F.2d 398, 400 (9th Cir. 1967); cf. Sanders v. United States, 373 U.S. 1, 19–20, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 494–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). See generally Wright & Sofaer, supra, 75 Yale L.J. at 929–35.

was "that intoxication at the time of making confessions does 'not deprive the confessions of the required spontaneity to make them free and voluntary.'" People v. Byrd, 42 Cal.2d 200, 211, 266 P.2d 505, 511 (1954), quoting People v. Dorman, 28 Cal.2d 846, 172 P.2d 686, 691 (1946).[10] That rule was applied in this case by the California District Court of Appeal (192 Cal.App.2d at 670).

Intoxication short of mania or unconsciousness of the meaning of words was first recognized as a basis for attacking a confession as involuntary only this year in Gladden v. Unsworth, 396 F.2d 373, 380–381 (9th Cir. 1968). Appellant's counsel could hardly have intentionally relinquished a "known" right which did not exist, and his failure to object therefore cannot be a "waiver" of that right.

This basic proposition was recently applied by the Supreme Court in Smith v. Yeager, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968), involving a state prisoner's right to an evidentiary hearing on a petition for federal habeas corpus. Petitioner first sought federal habeas corpus in 1961, when the right to an evidentiary hearing on such a petition was controlled by Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Petitioner's attorney told the federal district court that he thought the court had power to hold a de novo hearing, but stated, "I don't think it is necessary here." 393 U.S. at 123, 89 S.Ct. at 278. No hearing was held, and the writ was denied.

After the decision in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), expanded the right of habeas applicants to an evidentiary hearing in federal court, petitioner again sought

habeas relief. The Court of Appeals for the Third Circuit held that his attorney had waived petitioner's right to an evidentiary hearing in the 1961 proceeding. 395 F.2d 245, 246–247 (3d Cir. 1968). The Supreme Court reversed, stating:

"It is at least doubtful whether petitioner could have obtained an evidentiary hearing as the law stood in 1961. * * * We do not believe that petitioner should be placed in a worse position because his then counsel asserted that he had a right to an evidentiary hearing and then relinquished it. Whatever counsel's reasons for this obscure gesture of noblesse oblige, we cannot now * * * presume that he intentionally relinquished a known right or privilege, Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461], when the right or privilege was of doubtful existence at the time of the supposed waiver." 393 U.S. at 125, 89 S.Ct. at 279.

This court held as much in Gladden v. Unsworth, supra, 396 F.2d at 377, stating, "one cannot waive a then unknown constitutional right." Decisions of other Courts of Appeals are in accord. See, e.g., Greenwood v. United States, 392 F.2d 558, 559 (4th Cir. 1968); Ledbetter v. Warden, 368 F.2d 490, 494 (4th Cir. 1966); Dillon v. Peters, 341 F.2d 337, 339–340 (10th Cir. 1965); United States ex rel. Carafas v. La Vallee, 334 F.2d 331, 333 (2d Cir. 1964); United States ex rel. Angelet v. Fay, 333 F.2d 12, 16 (2d Cir. 1964), affirmed 381 U.S. 654, 85 S.Ct. 1750, 14 L.Ed.2d 623 (1965). See also Wright & Sofaer, supra, at 961–968; cf. Grosso v. United States, 390 U.S. 62, 70–71, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Miranda v. Arizona, 384 U.S. 436, 495 n. 69, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[11]

---

10. The California cases were in accord with the general view that voluntary intoxication, short of mania or unconsciousness of the meaning of words, went only to the weight to be accorded the confessions and not to their admissibility. See generally Annot., 69 A.L.R. 2d 361 (1960).

11. As the Supreme Court said in Johnson v. New Jersey, 384 U.S. 719, 730, 86 S.Ct. 1772, 1779, 16 L.Ed.2d 882 (1966): "[O]ur case law on coerced confessions is available for persons whose trials have already been completed, providing of course that the procedural prerequisites for direct or collateral attack

The majority argues that the result here should differ because appellant's counsel wanted the jury to consider appellant's alcohol-befuddled confessions. The majority misses the point. Counsel did not choose between having the confessions admitted so that he might use them, or having them excluded as involuntary because of appellant's drunkenness. Under then-existing law the latter was not an available alternative. The majority charges counsel with making a choice which he did not have.

The majority's suggestion that Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966), and Delaney v. Gladden, 397 F.2d 17 (9th Cir. 1968), support the majority's result is unfounded. Both decisions relate to the deliberate bypass of a procedural right to raise a constitutional issue, rather than to the waiver of the underlying constitutional right; and neither stands for the proposition that counsel

may be charged with having knowingly abandoned an unknown right.[12] Moreover, in light of Smith v. Yeager, supra, 393 U.S. 122, 89 S.Ct. 277, it is doubtful whether the ruling in Kuhl reflects the law.

Furthermore, as a simple matter of what the record shows, it cannot be said to establish conclusively that appellant's counsel intentionally abandoned the claim that appellant's intoxication rendered the confessions inadmissible as evidence of the truth of the facts recited in them. Appellant's counsel relied upon appellant's incoherence and unresponsiveness evident on the face of the confessions as circumstantial evidence of appellant's extreme intoxication at the time of the offense.[13] He did not rely upon the confessions as proof of the truth of any of the facts asserted in appellant's answers. On the contrary, with respect to the most damaging confession—the only one

---

are met. See Fay v. Noia, 372 U.S. 391, [83 S.Ct. 822, 9 L.Ed.2d 837] (1963). Prisoners may invoke a substantive test of voluntariness which, because of the persistence of abusive practices, has become increasingly meticulous through the years. See Reck v. Pate, 367 U.S. 433, [81 S.Ct. 1541, 6 L.Ed.2d 948] (1961)."

12. In *Kuhl*, counsel "knew that there was an arguable basis for a motion or an objection, upon fourth amendment grounds." 370 F.2d at 25. Cases decided prior to the trial (cited in note 6 of the *Kuhl* opinion) provided substantial support for such a motion or objection. In contrast, the *Unsworth* ruling was based on an argument from principle drawn primarily from Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), decided three years after the trial in the present case; and, as noted, all of the direct authority was that an objection based upon involuntariness due to intoxication was untenable.

The right involved in *Delaney* was that announced in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), which, as pointed out in *Unsworth*, is not the right to exclude an involuntary confession, but rather "the right to exclude from evidence a confession or admission which, *upon being challenged as involuntary*, has not first been determined by the trial court to be voluntary in a hearing conducted outside the presence of

the jury." 396 F.2d at 376–377 (emphasis added). As noted in *Delaney*, this right, by its nature, does not come into existence unless the admissibility of the confession is challenged, or at least until the court is made aware that counsel is questioning the circumstances under which the confession was obtained. 397 F.2d at 21. Thus the decision in *Delaney* is not that failure to object at the state trial waives a constitutional right of which counsel could not have been aware, but rather that the right to the Jackson v. Denno procedure does not arise if the question of the voluntariness of the confession is not brought to the trial judge's attention.

The inapplicability of *Delaney* is made clear by *Unsworth*. In *Unsworth* counsel had objected to use of the confession as involuntary in the state court trial, and this court held that failure to raise the Jackson v. Denno claim was not a waiver of the right announced in that case because the state trial had preceded the decision in Jackson v. Denno and "one cannot waive a then unknown constitutional right." 396 F.2d at 377. This holding in *Unsworth* precludes the interpretation which the majority places on *Kuhl*.

13. Cf. 6 J. Wigmore on Evidence § 1790 (3d ed. 1940); C. McCormick, Evidence, 465–66 (1954).

containing an admission by appellant that he had seen the figure of the deceased officer through a glass door and had fired at it—appellant's counsel argued to the jury that because of appellant's extreme intoxication and the repetitive and highly suggestive nature of the questioning the confession "would be of no effect whatsoever, would be of no value to you at all." The state conceded on oral argument in this court that appellant's counsel argued the question of the voluntariness of the confessions to the jury; and the state trial judge instructed the jury that the confessions were not to be considered in determining appellant's guilt unless they were voluntary, and that the question of voluntariness was for the jury to decide.

There is also an insurmountable obstacle to a factual finding of waiver of the broader ground that the confessions were involuntary because coerced. This obstacle is suggested by appellant's allegation, which must be taken as true, that counsel advised him that the issue of the voluntariness of the confessions should and would be raised on appeal rather than at trial. As noted earlier (see note 3), there was a sound legal basis for counsel's position since the California Supreme Court had held that whether or not there is an objection at trial it may always be urged on appeal that the conviction was procured by use of an involuntary confession. And again, it is significant that in this case evidence on the issue of voluntariness was presented at trial and was argued to the jury, the court instructed the jury on the subject, appellant's counsel raised the issue on appeal, and the appellate court considered and decided the issue on the merits.

Certainly this record does not "conclusively show" that appellant's counsel intended to waive consideration of the voluntariness of the confessions. The most

that could be said is that counsel's intention is uncertain.

The two cases with which the majority supports its conclusion that no hearing is required (Nelson v. People of State of California, supra, 346 F.2d at 81, and Kuhl v. United States, supra, 370 F.2d at 27) are clearly distinguishable. Both involved deliberate bypass of the right to object. The brief filed in this court by the defendant in Nelson contained an express statement of counsel's reasons for failing to object which made it "crystal clear" that counsel deliberately bypassed the state remedy. 346 F.2d at 78. In Kuhl counsel's reasons for not objecting were "incontrovertibly shown by the record of what happened." 370 F.2d at 25.

Counsel's statement to appellant as to his reason for not objecting to the admission of the confessions raises a final issue requiring a hearing, with which the majority does not directly deal. In Brookhart v. Janis, 384 U.S. 1, 7–8, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), the Supreme Court held that the defendant was not bound by counsel's waiver of the right to confront and cross-examine witnesses against him where the defendant's statements to the court indicated that he did not acquiesce in counsel's action. The same principle would seem to apply where, as in the present case, the accused may have been affirmatively misled into remaining silent at trial, since his silence could not then constitute the acquiescence in counsel's waiver which Brookhart v. Janis apparently requires. If the reference to Symons v. Klinger, 372 F.2d 47 (9th Cir. 1967), in footnote 4 of the majority opinion is intended as an answer to this problem, it is enough to note that in Symons the defendant neither objected to counsel's strategy nor was misled as to its significance.