Lucille MILLER, Petitioner-Appellant,

v.

Iverne R. CARTER, Warden, et al.,
Respondents-Appellees.

No. 24365.

United States Court of Appeals,
Ninth Circuit.

Oct. 9, 1970.

Rehearing Denied Dec. 18, 1970.

F. Lee Bailey (argued), of counsel,
Boston, Mass.; Robert K. Steinberg,

Beverly Hills, Cal., for petitioner-appellant.

Philip C. Griffin (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen., for respondents-appellees.

Before HAMLEY, BROWNING, and TRASK, Circuit Judges.

PER CURIAM:

Petitioner was convicted of first degree murder in the Superior Court of San Bernardino County, California, and sentenced to life imprisonment. Her conviction was affirmed by the California District Court of Appeal, People v. Miller, 245 Cal.App.2d 112, 53 Cal.Rptr. 720 (1966). The Supreme Court of the United States initially granted certiorari, Miller v. California, 389 U.S. 968, 88 S.Ct. 460, 19 L.Ed.2d 459 (1967), but after hearing oral argument ordered the writ dismissed as improvidently granted, Miller v. California, 392 U.S. 616, 88 S.Ct. 2258, 20 L.Ed.2d 1332 (1968).

Petitioner then commenced this federal habeas corpus proceeding, contending, as she had in her petition for certiorari to the Supreme Court of the United States, that her constitutional rights were infringed by the government's use of the testimony of an undercover agent placed in her jail cell after her arrest. The district court dismissed the petition, holding that petitioner had deliberately bypassed state procedures, and, in any event, that the Supreme Court of the United States had adjudicated the merits of petitioner's constitutional claim against her.

The court erred on both grounds.

■ The California District Court of Appeal reached the merits of petitioner's claim, stating that it "would have no hesitancy in ordering a reversal," except for its conclusion that petitioner had not been prejudiced by the inform-

ant's testimony. People v. Miller, *supra,* 245 Cal.App.2d at 141–144, 53 Cal.Rptr. at 720, 738–740. "Under these circumstances, the deliberate by-pass rule is not available. Warden, Md. Penitentiary v. Hayden, 1967, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782." Curry v. Wilson, 405 F.2d 110, 112 (9th Cir. 1968). Nor does the record conclusively establish "waiver" in the Curry v. Wilson sense. In that case it appeared from the record that "counsel wanted the evidence to be before the jury because he believed that it would be valuable to Curry in support of the only defense that offered even a remote chance of success." 405 F.2d at 113. Here, however, the record shows that petitioner's trial counsel considered the evidence prejudicial rather than valuable and wanted it excluded. He objected to the evidence in chambers, but the trial judge erroneously, *see* People v. Schader, 62 Cal.2d 716, 727–728, 44 Cal.Rptr. 193, 401 P.2d 665 (1965), insisted that the objection be renewed in the presence of the jury. Counsel felt compelled to refuse, *see* Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964), believing that a successful objection might lead the jury to speculate that the excluded testimony was more incriminating than it actually was. *See* Miller v. California, 392 U.S. 616, 622–623, 88 S.Ct. 2258, 20 L.Ed.2d 1332 (1968) (Justice Marshall dissenting).

■ 28 U.S.C. § 2244(c) provides that "a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari brought by the prisoner will be conclusive as to all issues of fact and law * * * *actually adjudicated* by the Supreme Court" (emphasis added) when those issues are raised in a subsequent federal habeas corpus proceeding. In enacting section 2244(c) Congress "intended to give a conclusive presumption only to actual adjudications of Federal rights, by the Supreme Court, and not to give such a presumption to mere denials of writs of certiorari." S.Rep. No. 1797, 1966 U.S.Code Cong. & Adm.News, p. 3664.

The Supreme Court of the United States did not adjudicate petitioner's claim; it merely dismissed the writ of certiorari, an action indistinguishable, in this instance, from a denial of certiorari.

Duncan v. Carter, 299 F.2d 179 (9th Cir. 1962), relied upon by the court below, is distinguishable. There the Supreme Court's per curiam opinion dismissing the writs expressly adjudicated the merits. The court stated, "the totality of circumstances disclosed fails to support the substantial due process issues tendered in the petitions for certiorari * * *." Baldonado v. California, 366 U.S. 417, 81 S.Ct. 1355, 6 L.Ed.2d 380 (1961).

Reversed and remanded for further proceedings.

TRASK, Circuit Judge (dissenting):

It appears to me, as it did to the district court, that this case is governed by our decision in Curry v. Wilson, 405 F. 2d 110 (9th Cir. 1968). I would therefore affirm the decision of the district court which denied the petition for habeas corpus.

In *Curry* a state court conviction had been obtained on evidence which it was claimed was secured in violation of the accused's constitutional rights. No objection to the introduction of this evidence was made at the trial. In the District Court of Appeal Curry's contentions were considered on the merits and rejected. The deliberate by-pass rule was therefore not available under Warden v. Hayden, 387 U.S. 294, 297 n.3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). On an appeal from a denial of writ of habeas corpus, this court then went on to consider whether or not there had been a deliberate waiver. Said the circuit court:

"In our opinion the record of Curry's trial conclusively shows that his counsel deliberately, as a matter of trial strategy, which proved to be successful, waived those grounds. What

counsel did was not a mere by-passing of a contemporaneous objection rule. It was an affirmative decision to waive the objections that he might have raised. That waiver is binding on Curry." 405 F.2d at 112.

Waiver affecting federal rights is a federal question, Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The majority here apparently recognizes and follows Curry v. Wilson to this extent. The majority states however, that the record does not "conclusively establish 'waiver' in the Curry v. Wilson sense." Thus the court points to the fact that in *Curry*, trial counsel affirmatively wanted the objectionable evidence to come in because he thought it would be valuable to his client. In the present case, on the contrary, counsel considered the evidence prejudicial and wanted it excluded. Factually such a distinction exists.

In each case counsel knew what the proposed evidence would be. In each case a considered judgment was made as to whether or not an objection should be interposed. The district judge here determined that there was a deliberate choice made and that such choice constituted a waiver. Said Judge Whelan:

"Where, as here, there has been a deliberate by-passing of state procedures through a conscious and planned waiver of a legal objection to the admission of evidence for a strategic and tactical reason, this court should not grant habeas corpus relief. Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L. Ed.2d 837]."

I agree. Nor should the fact that in *Curry, supra*, counsel "wanted" the objectional evidence to be introduced, believing he could make use of it, constitute a significant distinction. The controlling factor is not the motivation for the strategy decision, but the deliberate choice which is made. In Nelson v. California, 346 F.2d 73 (9th Cir. 1965) it did not appear that trial counsel "wanted" the evidence to be introduced. Yet

he there made his choice and having made it, he was held to have waived the right to assert his objections in the habeas proceeding.

It is also suggested by the majority that counsel here was forced to forego his objection because the trial judge indicated the objection would have to be made in open court and that the jury might draw an adverse inference from the objection if sustained. It is asserted that this requirement of the trial judge to have the objection made in open court was erroneous on the basis of People v. Schader, 62 Cal.2d 716, 727–728, 44 Cal. Rptr. 193, 401 P.2d 665 (1965). I disagree. In *Schader* the trial judge conducted a voir dire hearing in the presence of the jury on the voluntariness of a confession, leaving the consideration or rejection of the confession to the jury on an instruction as to its voluntary or involuntary character. As the Supreme Court of California there pointed out, there was no way to know from such a record just how the jury considered the evidence and whether it did so properly or improperly. The situation here was quite different. There was a discussion of the proposed witness in the chambers of the court before she was permitted to testify. Counsel was given an opportunity to interview her before she was put on. There was no confession involved; indeed, the witness testified that the accused insisted upon her innocence. There was no ruling by the trial court on admissibility in advance. The witness was not recalled until the next morning. No request for an *in limine* hearing was made at that time. Contrary to *Schader* there is no way of knowing whether the court would have permitted the testimony or not. No objection to it was made. It is difficult to imagine a more voluntary, considered, conscious and strategic waiver than this.

I agree with the majority that the action of the Supreme Court of the United States in granting certiorari and then dismissing the writ without opinion does not constitute an adjudication.