James V. MILLER, Petitioner-Appellant,

v.

B. J. RHAY, Superintendent, Washington State Penitentiary, Respondent-Appellee.

No. 26110.

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1971.

James V. Miller, in pro. per.

Slade Gorton, Atty.Gen., Olympia, Wash., for respondent-appellee.

Before BARNES, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

James V. Miller, a state prisoner, has taken this appeal from a district court order denying his petition for writ of habeas corpus without an evidentiary hearing. We affirm.

In 1962 appellant was tried and convicted of arson, first-degree murder, and attempted murder in the Superior Court of the State of Washington for King County. Appellant's sole contention in this federal habeas action is that the state trial court improperly admitted into evidence an allegedly coerced confession given by appellant following interrogation by Seattle police.

The state superior court held a pretrial evidentiary hearing on the voluntariness of Miller's confession, found the relevant facts, concluded that the confession was voluntary, and admitted it in evidence. Appellant did not appeal his conviction to the state supreme court. Some years later he filed a petition for habeas corpus in that court raising the issues presented here. The petition was denied on the merits.

In this proceeding the federal district court reviewed the records of the state court proceedings, listened to tape recordings of the police interrogation, and concluded that "the State courts have given a full, fair and complete hearing" to appellant on the voluntariness of his confession, that a federal evidentiary hearing was not required under the standards laid down in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), and that the confession was voluntary under the "totality of circumstances" test. See Haynes v. Washington, 373 U.S. 503, 514–515, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

We reject the state's argument that Miller's federal habeas attack is barred because he deliberately bypassed the state remedy of direct appeal to the state supreme court. The latter chose to waive appellant's procedural default and review the merits of his constitutional claim in habeas corpus proceedings. The federal habeas court was therefore bound to do the same. Curry v. Wilson, 405 F.2d 110, 112 (9th Cir. 1968).

Turning to the merits, we have reviewed the state court records and the tape recordings of the police interrogation, and we agree with the district court's disposition.

Affirmed.