## SMITH *v.* YEAGER, WARDEN.

No. 399.   Decided November 12, 1968.

*Edward Bennett Williams, Steven M. Umin,* and *Stephen F. Lichtenstein* for petitioner.

PER CURIAM.

This petition for a writ of certiorari presents the question whether petitioner's relinquishment of an evidentiary

hearing in a federal habeas corpus proceeding taking place prior to *Townsend* v. *Sain,* 372 U. S. 293, bars him from obtaining such a hearing on a subsequent application made after *Townsend* was decided.

In 1957, petitioner was convicted of first-degree murder in a New Jersey court, and sentenced to death. The Supreme Court of New Jersey affirmed the conviction, *State* v. *Smith,* 27 N. J. 433, 142 A. 2d 890, and subsequently affirmed the denial of a motion for a new trial. *State* v. *Smith,* 29 N. J. 561, 150 A. 2d 769.

Petitioner thereafter sought a writ of habeas corpus in the United States District Court for the District of New Jersey. During oral argument before the District Court on June 5, 1961, petitioner's counsel, referring to the then recent decision in *Rogers* v. *Richmond,* 365 U. S. 534, stated:

> "The United States Supreme Court says your Honor may hold a hearing de novo if need be to go into the historical facts behind this case. I don't think it is necessary here.
>
> "I think if your Honor limits himself to the record, I think that the error, the fundamental constitutional error in this case is so overwhelming that I need not stand here and argue this case at any great length." Appendix to Petition 69a.

The District Court did not conduct an evidentiary hearing. Relying on the state trial record, it denied the application, holding, *inter alia,* that petitioner's confession, introduced at his trial, was not the product of coercion. *United States ex rel. Smith* v. *New Jersey,* 201 F. Supp. 272. The Court of Appeals affirmed. 322 F. 2d 810.[1]

---

[1] Petitioner has sought, and was denied, certiorari in this Court on three previous occasions—twice to the state courts, 361 U. S. 861; 379 U. S. 1005, once to the United States Court of Appeals in the

In 1965, petitioner again sought habeas corpus in the District Court, requesting an evidentiary hearing. As supplemented, the application alleged facts relevant to the admissibility of the confession which were not brought out at trial, and which, if proved, presented a stronger case that the confession was coerced.[2] The District Court denied the application without conducting an evidentiary hearing, noting that the issue of coercion had been adjudicated in the prior habeas proceeding. The Court of Appeals affirmed *per curiam,* Judge Biggs dissenting. Referring to the above-quoted statement by petitioner's counsel, and to some remarks of the District Court at an earlier stage of the 1961 proceeding,[3] the Court of Appeals concluded that petitioner had waived his claim to an evidentiary hearing in 1961. 395 F. 2d 245. Rehearing *en banc* was denied, Judge Freedman dissenting,[4] and this petition for certiorari followed.

We note initially that the usual principles of *res judicata* are inapplicable to successive habeas corpus pro-

---

prior habeas corpus proceeding, 376 U. S. 928. It is worth noting that the present pleadings below substantially expand and clarify the claims heretofore presented by petitioner.

[2] The allegations, which include claims of physical harassment by the police, are set out in Judge Biggs' dissenting opinion below, 395 F. 2d 245, 253, n. 12.

[3] On May 15, 1961, during argument on the State's motion to strike petitioner's "Amended and/or Supplemental Petition," the District Court indicated its concern that the record be complete to the satisfaction of both parties. The Court of Appeals construed this as an offer to conduct an evidentiary hearing. No explicit mention of an evidentiary hearing was made, however. A reading of the entire colloquy in the District Court, though not unambiguous, suggests, as Judge Biggs noted in dissent below, that the discussion was concerned only with "the issue of whether or not the case would proceed upon the original petition for habeas corpus and answer, the supplemental petition for habeas corpus and answer, or on both sets of pleadings." 395 F. 2d 245, 249, n. 4.

[4] Judge Biggs did not participate.

ceedings.[5]  *Salinger* v. *Loisel,* 265 U. S. 224; cf. *Sanders* v. *United States,* 373 U. S. 1.   Whatever the standards for waiver may be in other circumstances, the essential question here is whether the petitioner "deliberately withheld the newly asserted ground" in the prior proceeding, or "otherwise abused the writ."   28 U. S. C. § 2244 (b) (1964 ed., Supp. III).

At the time of the 1961 proceeding, *Brown* v. *Allen,* 344 U. S. 443, indicated that a District Court's discretion to hold an evidentiary hearing was to be exercised only in "unusual circumstances," 344 U. S., at 463, or where a "vital flaw" existed in the state procedure. 344 U. S., at 506 (opinion of Mr. Justice Frankfurter). *Townsend* v. *Sain, supra,* had not yet been decided.   This Court recognized in *Townsend* "that the opinions in *Brown* v. *Allen* . . . do not provide answers for all aspects of the hearing problem for the lower federal courts, which have reached widely divergent, in fact often irreconcilable, results," 372 U. S., at 310, and established criteria for the granting of evidentiary hearings "which must be considered to supersede, to the extent of any inconsistencies, the opinions in *Brown* v. *Allen* . . . ." 372 U. S., at 312.   *Townsend* v. *Sain* substantially increased the availability of evidentiary hearings in habeas corpus proceedings, and made mandatory much of what had previously been within the broad discretion of the District Court.   See also *Fay* v. *Noia,* 372 U. S. 391.

It is at least doubtful whether petitioner could have obtained an evidentiary hearing as the law stood in 1961. Indeed, at the time, the State argued to the District Court with some cogency that petitioner presented "no unusual circumstances calling for a hearing."   We do not believe that petitioner should be placed in a worse position be-

---

[5] For this reason, if no other, the fact that *Townsend* v. *Sain* was decided before the Court of Appeals' decision in the first proceeding, and considered by the Court of Appeals there in denying rehearing *en banc,* is not dispositive of the present case.

cause his then counsel asserted that he had a right to an evidentiary hearing and then relinquished it. Whatever counsel's reasons for this obscure gesture of *noblesse oblige*,[6] we cannot now examine the state of his mind, or presume that he intentionally relinquished a known right or privilege, *Johnson* v. *Zerbst*, 304 U. S. 458, 464, when the right or privilege was of doubtful existence at the time of the supposed waiver. In short, we conclude that petitioner's failure to demand an evidentiary hearing in 1961, followed by such a demand after the decision in *Townsend* v. *Sain, supra,* constitutes no abuse of the writ of habeas corpus.

"1f, for any reason not attributable to the inexcusable neglect of petitioner . . . evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing, a federal hearing is compelled." *Townsend* v. *Sain, supra,* at 317. Petitioner's assertion that he comes within this principle is not controverted by respondent or by the record below. We do not, however, pass on this question, or on the other questions presented in the petition. These, as well as other issues appropriately raised below, may be considered by the District Court. We hold only that petitioner has not, by reason of anything that occurred during the 1961 habeas proceeding, waived his claim to an evidentiary hearing in the District Court.

The petition for a writ of certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded to that court for proceedings consistent with this opinion. *It is so ordered.*

MR. JUSTICE WHITE dissents and would grant certiorari and set the case for oral argument.

---

[6] As the State pointed out during the 1961 hearing, *Rogers* v. *Richmond, supra,* the case chiefly relied on by petitioner, does not appear to support his claim to an evidentiary hearing. See especially 365 U. S., at 547.