Leon PRITCHARD, Petitioner-
Appellant,

v.

C. Murray HENDERSON, Warden, Loui-
siana State Penitentiary, Respondent-
Appellee.

No. 30861

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 19, 1971.

Leon Pritchard, pro se.

Jack P. F. Gremillion, Atty. Gen. of
La., Baton Rouge, for respondent-appel-
lee.

Before THORNBERRY, MORGAN
and CLARK, Circuit Judges.

PER CURIAM:

Pritchard, a Louisiana state prisoner,
appeals from the district court's denial
of his second petition for habeas corpus.
We affirm.

On March 16, 1964, the appellant
pleaded guilty in the Nineteenth Judicial
District Court of the State of Louisiana
to the charge of auto theft, and a ten-
year sentence was then imposed. The
sentence was ordered suspended, and ap-
pellant placed on supervised probation
for a five-year period. Thereafter, on
October 13, 1967, a probation revocation
hearing was held, whereupon the appel-
lant's sentencing court found that he
had violated the conditions of his proba-
tion, and ordered that the original sen-
tence imposed on March 16, 1964, be
made executory.

The appellant filed his first federal
habeas petition in the district court on
May 21, 1969, alleging that his proba-
tion revocation was invalid for a number
of reasons, including the denial of coun-
sel at the revocation hearing. In its or-
der of September 2, 1969, the district
court rejected this contention on the
ground that the probation revocation
hearing was not a "critical stage" of the
criminal proceedings requiring appoint-
ment of counsel, since the hearing did
not amount to a deferred sentencing.

The appellant's second federal habeas
petition, filed in the district court on
July 28, 1970, and which is the subject
of this appeal, again contends that the
appellant's probation revocation proceed-
ings were constitutionally infirm be-
cause he was not afforded assistance of
counsel relative thereto.

* ▮ Rule 18, 5th Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d
409, Part I.

The district court denied relief on August 28, 1970, finding that the petition was based on the identical contention adjudicated in the prior habeas application. The court therefore concluded that the later petition was a successive similar petition under 28 U.S.C. § 2244.

Since the district court's order of September 2, 1969, correctly held that the appellant was not entitled to appointment of counsel at his revocation hearing, Shaw v. Henderson, 5th Cir. 1970, 430 F.2d 1116, and since there has been no supervening change in the law of this circuit with regard to the issue presented by this appeal, we find no error in the district court's refusal to reconsider the merits of the applicant's previous petition for habeas relief. Cf. Smith v. Yeager, 1968, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246.

The judgment below is affirmed.

Affirmed.