440 F.2d 660
 Leon PRITCHARD, Petitioner-Appellant,
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary,
Respondent-Appellee.
No. 30861 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citixens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 19, 1971.
 
 Leon Pritchard, pro se.
 Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pritchard, a Louisiana state prisoner, appeals from the district court's denial of his second petition for habeas corpus. We affirm.
 
 
 2
 On March 16, 1964, the appellant pleaded guilty in the Nineteenth Judicial District Court of the State of Louisiana to the charge of auto theft, and a tenyear sentence was then imposed. The sentence was ordered suspended, and appellant placed on supervised probation for a five-year period. Thereafter, on October 13, 1967, a probation revocation hearing was held, whereupon the appellant's sentencing court found that he had violated the conditions of his probation, and ordered that the original sentence imposed on March 16, 1964, be made executory.
 
 
 3
 The appellant filed his first federal habeas petition in the district court on May 21, 1969, alleging that his probation revocation was invalid for a number of reasons, including the denial of counsel at the revocation hearing. In its order of September 2, 1969, the district court rejected this contention on the ground that the probation revocation hearing was not a 'critical stage' of the criminal proceedings requiring appointment of counsel, since the hearing did not amount to a deferred sentencing.
 
 
 4
 The appellant's second federal habeas petition, filed in the district court on July 28, 1970, and which is the subject of this appeal, again contends that the appellant's probation revocation proceedings were constitutionally infirm because he was not afforded assistance of counsel relative thereto.
 
 
 5
 The district court denied relief on August 28, 1970, finding that the petition was based on the identical contention adjudicted in the prior habeas application. The court therefore concluded that the later petition was a successive similar petition under 28 U.S.C. 2244.
 
 
 6
 Since the district court's order of September 2, 1969, correctly held that the appellant was not entitled to appointment of counsel at this revocation hearing, Shaw v. Henderson, 5th Cir. 1970, 430 F.2d 1116, and since there has been no supervening change in the law of this circuit with regard to the issue presented by this appeal, we find no error in the district court's refusal to reconsider the merits of the applicant's previous petition for habeas relief. Cf. Smith v. Yeager, 1968, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246.
 
 
 7
 The judgment below is affirmed.
 
 
 8
 Affirmed.