**UNITED STATES of America ex rel.
Edgar H. SMITH,**

v.

**Howard YEAGER, Warden, New Jersey
State Prison, Trenton, Appellant.**

No. 71-1490.

United States Court of Appeals,
Third Circuit.

Argued July 14, 1971.

Decided Aug. 2, 1971.

Certiorari Denied Oct. 12, 1971.

See 92 S.Ct. 112.

Edward N. Fitzpatrick, Asst. Prosecutor, Hackensack, N. J., for appellant.

Stephen M. Umin, Williams & Connolly, Washington, D. C., for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This appeal by the state of New Jersey from the grant of a writ of habeas corpus presents a pre-*Miranda* question whether inculpatory statements of Edgar H. Smith were the voluntary product of a free and unconstrained will.

Following an evidentiary hearing after remand by the United States Supreme Court,[1] the district court concluded that "the admissions made to Detectives Spahr and DeLisle on the morning of March 6, 1957, were the results of a culmination of coercive circumstances which made those admissions involuntary under federal constitutional standards. * * * The Ehrenbeck transcript * * * [and] [t]he admissions made by Smith on the afternoon of March 6, 1957, at the Prosecutor's office, at the murder scene, and at the trailer, were all the result of coercion, and their admission at the trial violated the due process clause of the Fourteenth Amendment," 336 F.Supp. 1287, 1304 (D.N.J.1971). We agree.

We hold that there was sufficient evidence adduced at the hearing to support the district court's ultimate findings,

---

1. Smith v. Yeager, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968). See also United States ex rel. Smith v. Yeager, 395 F.2d 245 (3rd Cir. 1968); 322 F.2d 810 (3rd Cir. 1963); State v. Smith, 27 N.J. 433, 142 A.2d 890 (1958); State v. Smith, 29 N.J. 561, 150 A.2d 769, cert. denied 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103 (1959); United States ex rel. Smith v. New Jersey, 201 F. Supp. 272 (D.N.J.), affirmed 322 F.2d 810 (3rd Cir. 1962), cert. denied 376 U.S. 928, 84 S.Ct. 678, 11 L.Ed.2d 623 (1964); State v. Smith, 43 N.J. 67, 202 A.2d 669 (1964), cert. denied 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706, rehearing denied 380 U.S. 938, 85 S.Ct. 945, 13 L.Ed.2d 826 (1965).

considering "the totality of circumstances" under the contemporary case law of 1957 elaborating the due process standard of voluntariness. Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L. Ed.2d 246 (1957); Turner v. Pennsylvania, 338 U.S. 62, 69 S.Ct. 1352, 93 L. Ed. 1810 (1949); Haley v. Ohio, 332 U. S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948); Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945).

█ Additionally, upon review of the record, including the testimony of the psychiatrists, referred to in the district court's opinion, 336 F.Supp. at 1299–1301, 1304–1305, we have concluded that the court did not err in ruling that relator's statements to these physicians were inadmissible as substantive evidence of guilt.

We have considered all of the contentions presented by able counsel for appellant by brief and oral argument. Our own independent review of the evidence does not persuade us that the district court made findings of historical facts which were clearly erroneous or erred in its ultimate conclusions.

For the foregoing reasons, and for the reasons set forth by the district court supporting its conclusion of coercion, 336 F.Supp. at 1287–1299, 1302–1304, the judgment of the district court[2] will be affirmed, subject however to the previous order of this Court, filed June 9, 1971, which vacated paragraphs 2 through 5 inclusive of the June 8, 1971 District Court order. This action is without prejudice to relator's right to apply for release on bail to the state judiciary under appropriate New Jersey law. N.J.S.A.Const. Art. 1, § 11. The mandate shall issue in one week.

---

2. The original order of May 13, 1971, directed that the writ of habeas corpus would issue unless the state
   shall grant to the petitioner Edgar Smith a new trial on the indictment charging him with the murder of Victoria Zielinski, at which none of the admissions made by him on the morning of March 6, 1957, to Detectives Spahr and DeLisle, the admissions in the Ehrenbeck transcript, the "acknowledgement" of that transcript made to Detective DeLisle on March 11, 1957, or the admissions made to Drs. Collins, Spradley and Zigarelli in March of 1957 shall be admitted in evidence.

The amended order of June 8, 1971, provides, inter alia:
   The order of this court filed May 13, 1971, hereby is amended to provide that the writ of habeas corpus will issue unless within sixty days of the date of final disposition of the appeal of this matter the State of New Jersey shall grant to the petitioner a new trial on the indictment.