**UNITED STATES of America ex rel. James Ellis FOYE, Appellant,**

v.

**STATE OF NEW JERSEY and Ronald Groomes, Superintendent New Jersey State Prison, Respondents.**

**No. 76–1280.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 5, 1976.

Decided Jan. 5, 1977.

---

Stanley C Van Ness, Public Defender, East Orange, N.J., for appellant.

James T. O'Halloran, Prosecutor of Hudson County, Jersey City, N.J., for respondents.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

This appeal is from a judgment denying habeas corpus brought pursuant to 28 U.S.C. § 2241. The appellant Foye contends that the district court erred in three respects. First, Foye argues that the district judge incorrectly placed the burden of proof on him at an evidentiary hearing held to determine whether or not there had been tortious police interference with his access and communication with counsel. Foye also asserts that the district court erred in holding that the confession introduced at his state criminal trial was given voluntarily. Last, Foye argues that his questioning by officers of the Police Department of Jersey City, New Jersey, was in violation of his *Miranda* rights.[1] He asserts that this allegedly illegal questioning led to his confession and therefore was "tainted" and not admissible. We disagree with the appellant's contentions for the reasons stated hereinafter and we will affirm the judgment of the district court.

## I. FACTS

Foye was convicted of murder on December 15, 1970. His conviction was affirmed by the Appellate Division of New Jersey Superior Court in a per curiam opinion. *State v. Foye,* 125 N.J.Super. 184, 309 A.2d 900 (App.Div.), *aff'd per curiam,* 63 N.J. 534, 309 A.2d 897 (1973). The opinion of the Appellate Division adequately summarizes the factual background and we need add but few additional facts.

On February 24, 1970, approximately between 4:00 P.M. and 4:30 P.M., Foye was arrested for possession of a dangerous weapon by Detective Morello, an officer of the Jersey City Police Department, although at that time admittedly he was suspected by the police of the murder of Wanda Edwards. At the time of his arrest Foye was not informed that he was suspected of the murder. At approximately 5:30 P.M., at the First Precinct Police Station, Foye was read his *Miranda* rights respecting the weapons charge. After Foye was given his *Miranda* warnings, he indicated that he did not wish to make a statement to the police and desired to consult with his attorney. He was overheard calling his wife and instructing her to locate and get in touch with his attorney, Seymour Goldstaub, Esquire. As previously indicated there is controversy with respect to Goldstaub's attempts to locate his client and possible police interference with his efforts. Judge Lacey held a separate evidentiary hearing in regard to this matter and this will be discussed at a later point in this opinion. After Foye called his wife and asked her to contact his attorney, Sergeant Borseso asked Foye whether he knew the dead girl, Wanda Edwards. Sergeant Borseso did not give Foye any *Miranda* warnings at this time. At this point, Foye stated that if the police believed he had any part in the murder of Edwards he would take a polygraphic examination. Foye was taken to police headquarters at approximately 6:00 P.M. for a polygraph examination. However, after being advised of his rights, he declined to take the examination and was returned

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

to the First Precinct. Approximately an hour later, Foye volunteered to take a polygraph examination. He was advised of his *Miranda* rights in respect to the murder, and refused to take the examination. Approximately less that one hour later, after being returned to the First Precinct for a second time Foye asked to take an examination. He was once again transported to headquarters and given his rights. This time he took the polygraph examination. The results of the examination were inconclusive.

At 9:15 P.M. Foye was charged with the murder of Wanda Edwards and was held at the First Precinct Police Station. He was once again advised of his *Miranda* rights and refused to give any statement, indicating that he wished to speak to his attorney. The police did not question him and Foye did not attempt to telephone his attorney. From 9:15 P.M. until 11:00 P.M., Foye was held at the First Precinct Police Station. At some point, Foye was shackled to a bench or chair, but at 11:00 P.M., he was given sandwiches and coffee and was free of restraints. He volunteered to make a statement. He was read his *Miranda* rights once again. He said he did not want a lawyer, and thereafter made a statement implicating John Turner, but said nothing implicating himself.

Turner was arrested and brought to the First Precinct at 3:00 A.M. on February 25, 1970. At 4:45 A.M., after a confrontation with Turner, Foye said that he did not desire his counsel to be present and then gave an inculpatory statement which was introduced at his trial over his objections.

## II. LAW

█ Foye first argues that the district court erred in determining the burden of proof. In an unpublished opinion the learned trial judge stated that in regard to Foye's allegations of police interference with his attorney's attempts to contact him: "I find . . . that the alleged deceit and trickery on part of the police and con-

comitant interference with petitioner's counsel has not been proved." [2] Foye contends that, since there was no finding of fact by the state courts on the issue of credibility between Sergeant Borseso's and Attorney Goldstaub's versions of the events on the evening of February 24, 1970, in the light of Judge Gibbons' opinion in *United States ex rel. Smith v. Yeager,* 336 F.Supp. 1287 (D.N.J.), *aff'd per curiam,* 451 F.2d 164 (3d Cir.), *cert. denied,* 404 U.S. 859, 92 S.Ct. 112, 30 L.Ed.2d 101 (1971), the burden of proof rests upon the state.

We believe that Foye urges too broad a reading of Judge Gibbons' opinion. Judge Lacey ordered a section 2254 evidentiary hearing because "the trial judge's findings included neither an explicit evaluation of this *conflicting testimony nor findings of credibility.*" [3] The opinion of the Supreme Court in *LaVallee v. Delle Rose,* 410 U.S. 690, 693, 695, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973), disposes of Foye's contentions. In *LaVallee,* the Supreme Court stated:

"The trial court's summary of the State's evidence tended to show that although respondent had been taken to the station house about 5 p.m. on the day of the murder, he was not even a suspect as late as 9 p.m., and he was only giving information. He was taken to the morgue at his own request, a factor which triggered the first confession. Further, he had been allowed to sit with his family, was given coffee by his mother-in-law and police, and he admitted that his treatment by the police was good during the time of the questioning. There was also testimony that he had been offered food, but as he admitted, he was not hungry. Again at the *'Huntley'* hearing, he acknowledged that the police had treated him 'nice.' It was 'on this evidence' that the state trial court made its finding and conclusion that the confessions were voluntary.

The Court of Appeals stated that it could not tell whether the state courts 'credited Delle Rose's story of the circum-

---

**2.** Opinion of Judge Lacey, Appendix at 40.

**3.** Appendix at 37.

stances surrounding his confessions but still held these to have been voluntary, a conclusion to which we could not agree or based their holding of voluntariness on a partial or complete rejection of his testimony, in which event the district judge would have been bound to deny the petition.' 468 F.2d 1288, 1290. In *Townsend v. Sain,* 372 U.S. 293, 314–315 [83 S.Ct. 745, 757–758, 9 L.Ed.2d 770] (1963), the precursor of 28 U.S.C. § 2254(d), this Court set forth general standards governing the holding of hearings on federal habeas petitions, stating:

> '[T]he possibility of legal error may be eliminated in many situations if the fact finder has articulated the constitutional standards which he has applied. Furthermore, the coequal responsibilities of state and federal judges in the administration of federal constitutional law are such that we think the district judge may, in the ordinary case in which there has been no articulation, properly assume that the state trier of fact applied correct standards of federal law to the facts, in the absence of evidence . . . that there is reason to suspect that an incorrect standard was in fact applied. Thus, if third-degree methods of obtaining a confession are alleged and the state court refused to exclude the confession from evidence, the district judge may assume that the state trier found the facts against the petitioner, the law being, of course, that third-degree methods necessarily produce a coerced confession.'

Here, not only is there no evidence that the state trier utilized the wrong standard, but there is every indication he applied the correct standards. His determination was made on the 'totality of the circumstances' and, in this pre-*Escobedo v. Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964), pre-*Miranda v. Arizona,* 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966), situation, the court also considered the facts that respondent was not warned of his rights to the assistance of counsel and against self-incrimination before confessing. And we quite agree with the District Court's statement that it could not go along with the state trial court's conclusion of voluntariness if it 'were to find the facts to have been as petitioner's [Delle Rose's] testimony portrayed them.' See, *e. g., Spano v. New York,* 360 U.S. 315 [79 S.Ct. 1202, 3 L.Ed.2d 1265] (1959); *Watts v. Indiana,* 338 U.S. 49 [69 S.Ct. 1347, 93 L.Ed. 1801] (1949). Under these circumstances, we think the District Court could have been reasonably certain that the state court would have granted relief if it had believed respondent's allegations. See *Townsend v. Sain, supra,* [372 U.S.] at 315 [83 S.Ct. at 758].

"We therefore, hold that the opinion of the state trial court met the requirements of 28 U.S.C. § 2254(d)(1), and that the courts below incorrectly determined it did not. The burden was thus on respondent to establish in the District Court by convincing evidence that the state court's determination was erroneous."

The Appellate Division of the Superior Court of New Jersey concluded: "[H]e [Foye] called his wife, informed her of his arrest, and instructed her to call Goldstaub, his (then and present) attorney. The latter failed to appear and there was no further contact between defendant and his wife or attorney." *State v. Foye, supra,* 125 N.J. Super. at 188, 309 A.2d at 902.

We conclude with reasonable certainty that had Judge Beronio, the New Jersey trial judge, or the Appellate Division credited Goldstaub's allegations, relief would be granted to Foye. *See State v. Funicello,* 49 N.J. 553, 583, 231 A.2d 579, 596 (1967), *cert. denied,* 390 U.S. 911, 88 S.Ct. 837, 19 L.Ed.2d 882 (1968), and cases cited therein.

We conclude that the district court did not err in placing the burden of persuasion upon Foye and that Judge Lacey, analyzing Goldstaub's testimony, gave what to our mind is ample bases for not crediting it. There is ample evidence to support such a view. We cannot disturb the district judge's findings in respect to this.

Foye raises two more points which need not detain us long. First, he argues that his rights under *Miranda v. Arizona, supra,* were violated when Sergeant Borseso questioned him regarding the murdered girl after Foye telephoned his wife. Foye's position is that his statement made at 11:00 P.M., and at 4:45 A.M., were the fruit of the earlier unlawful interrogation, and therefore were inadmissible.[4] We cannot accept Foye's argument. We conclude that the statements given at 11:00 P.M. and 4:45 A.M. were independent of the statement made in response to Borseso's questioning. It should be noted that at 9:15 P.M., when charged with the murder, Foye reasserted his right to remain silent, demonstrating that he was aware of his *Miranda* rights and that his earlier statement to Borseso had no effect on his decision to not speak at 9:15 P.M., or to volunteer information at 11:00 P.M. See and compare *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), and compare *Williams v. Brewer,* 509 F.2d 227 (8th Cir. 1974) (Rehear. and rehear. *en banc* denied, Jan. 30, 1975), *cert. granted,* 423 U.S. 1031, 96 S.Ct. 561, 46 L.Ed.2d 404 (1975).

Last, nothing in the record causes us to reject the findings of the New Jersey state courts or of the district court regarding the voluntariness of Foye's confession. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

The judgment will be affirmed.

4. See Appellant's Brief at 16, citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).