Luther H. ALLEN, Petitioner-Appellant,

v.

Lanson NEWSOME, Warden,
Respondent-Appellee.

No. 85–8198.

United States Court of Appeals,
Eleventh Circuit.

August 4, 1986.

T. Bart Gary, (court-appointed), Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA,* Senior Circuit Judge.

GARZA, Senior Circuit Judge:

*Nature of the Case*

This habeas corpus appeal involves the procedural guidelines of a Rule 9(b) dismissal. See Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (hereinafter "Rule 9" or "Section 2254 Rules"). Petitioner's second Section 2254 petition was dismissed as both successive and as an abuse of the writ under Rule 9(b). Finding that the district court did not abuse its discretion in dismissing this case, we affirm.

*Facts and Procedural History*

Luther Henry Allen ("Allen") was convicted of the offense of rape in the Superior Court of Elbert County and sentenced to life imprisonment. On appeal, the Georgia Court of Appeals affirmed his conviction. *Allen v. State,* 152 Ga.App. 481, 263 S.E.2d 259 (1979).

After exhausting his remedies in state courts as required by § 2254(b),[1] Allen filed his application for relief in the United States District Court for the Middle District of Georgia. A United States Magistrate found that petitioner had received a full and fair hearing on all of his claims in the state evidentiary hearing and concluded that no federal evidentiary hearing was required. He also made findings of fact and conclusions of law on each of petitioner's allegations and recommended dismissal of the petition. Allen filed timely objections to the magistrate's findings on grounds seven through eleven. See *infra* note 2. The district court, upon review of the transcript and record on file, found that petitioner was being constitutionally confined. It determined that there was no merit to petitioner's objections and adopted the findings, conclusions, and recommendation of the magistrate in their entirety.[2]

Allen perfected an appeal to this Court but failed to file an appellate brief. This appeal was administratively dismissed for want of prosecution on June 24, 1983 after

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge, for the Fifth Circuit, sitting by designation.

1. The state court denied relief by order dated November 5, 1980, after an evidentiary hearing on petitioner's allegations.

2. In his first petition, Allen alleged that:
   (1) his arrest warrant was defective in that it alleged the wrong time and date of the alleged rape;
   (2) his arrest warrant was issued based on an inaccurate affidavit;
   (3) the magistrate's firsthand knowledge that the the arrest warrant was defective was not addressed in the state evidentiary hearing;
   (4) the grand jury was not impartial in that it had the chance to give the correct date or time of the offense in the indictment but gave the same wrong time and date of the alleged offense as the arrest warrant did;
   (5) he was tried without an indictment since the time and date on the indictment was incorrect;
   (6) the prosecutor changed the indictment without the grand jury amending the change;
   (7) evidence which had been tampered with was used to convict him;
   (8) the prosecutor withheld information favorable to petitioner;
   (9) a police officer gave false testimony at his trial;
   (10) the trial judge was not impartial and made prejudicial statements to the jury; and
   (11) petitioner had ineffective assistance of counsel.
   These allegations were essentially the same as those Allen made in state court.

Allen received notice of the pending dismissal.[3]

Allen commenced a new round of habeas corpus proceedings in state court, which were denied as successive on or about May 23, 1984. On December 3, 1984, Allen filed a second Section 2254 petition in the United States District Court for the Middle District of Georgia. The district court allowed Allen to proceed in forma pauperis and ordered him to amend his petition to include "every unalleged possible constitutional error or deprivation entitling petitioner to habeas relief in this court." In his amended petition, Allen raised five additional grounds for relief.[4] The State filed a Rule 9(b) motion to dismiss on the grounds that Allen's petition was successive and an abuse of the writ. Acting pro se, Allen filed a response in which he admitted that he was aware of the facts in support of his two new claims but that, being unschooled in the law, he was unaware that these claims were of constitutional dimension.

On March 18, 1985, the district court dismissed Allen's second Section 2254 application. In its Order, the court held that 1) four of Allen's alleged errors did not state claims cognizable under Section 2254; 2) five claims had been decided against Allen on their merits in his first Section 2254 application proceeding; and 3) the two new issues should have been raised previously and Allen's failure to raise these two claims in the first proceeding constituted an abuse of the writ. The district court relied on the record to make its ruling and did not afford Allen an evidentiary hearing to contest the State's Rule 9(b) motion to dismiss.

*Issues on Appeal*

Allen argues on appeal that the district court abused its discretion in granting the motion to dismiss without first affording him an evidentiary hearing. Specifically, Allen contends that he was entitled to an evidentiary hearing to determine 1) whether the allegations made in his first Section 2254 were determined "on the merits" and 2) whether there was "excusable neglect" for his failure to raise the two new claims in his first Section 2254 application. In regard to the first point of appeal, Allen points out that the court relied on evidence outside of the pleadings in his second petition in reaching its decision. By doing so, Allen alleges that the court, in effect, treated the Rule 9(b) motion for dismissal as a motion for summary judgment but failed to give him notice of that fact as required by law. In regard to the second point of appeal, Allen contends that he failed to receive notice of the pending Rule 9(b) dis-

---

**3.** Allen filed two briefs in this appeal to the Court. In the first he mistakenly argues that the court clerk dismissed Allen's appeal without giving him the required notice. A subsequent review of the record revealed that the clerk sent the required notice to Allen.

**4.** In his second petition Allen alleged that:
1) the trial judge was not impartial and made prejudicial statements to the jury;
2) statements by the convicting court were omitted from the transcript;
3) the state court denied the second habeas corpus petition without a hearing;
4) he was denied a right to be heard in an evidentiary hearing that had been scheduled in Elbert County, Georgia on his second habeas petition;
5) the state court forced unwanted counsel on the petitioner on his second habeas petition;
6) counsel was ineffective in the second habeas corpus proceedings.
Of these claims, the first was raised in the first Section 2254 petition. The third through sixth do not constitute claims cognizable under Sec-

tion 2254 because they do not relate to the underlying conviction. *See Preiser v. Rodriguez,* 411 U.S. 475, 484–86, 93 S.Ct. 1827, 1833–34, 36 L.Ed.2d 439 (1973). The second claim had not been presented before.
In his amended petition, Allen further alleged that:
7) the evidence presented at trial was tampered with by the police;
8) the prosecution withheld exculpatory information;
9) a police officer gave false testimony;
10) he was denied ineffective assistance of counsel before, during, and after trial; and
11) the trial judge, the district attorney, and the public defender who represented him conspired with the police in tampering with the evidence. Of these grounds, numbers seven through ten were presented in the first petition. The eleventh had not been presented before. Numbers two and eleven constitute the two new claims.

missal and that he deserved an evidentiary hearing to show that he had not abused the writ.

## Discussion

In the present petition, we are confronted with two categories of claims, both of which fall within the scope of Rule 9(b).[5] The first category involves claims that were previously raised and decided on the merits. The second category involves claims that are being presented for the first time. In both instances, we must determine whether the district court abused its discretion in dismissing Allen's application without granting him an evidentiary hearing. *See Sanders v. U.S.*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078–79, 10 L.Ed.2d 148 (1963).

## The Successive Claims

In regard to the successive claims, the district court took judicial notice of the allegations Allen had made in his first Section 2254 application[6] and determined that these had already been decided adversely to Allen on the merits.[7] Allen contends that he deserved an evidentiary hearing to determine whether the successive claims were, in fact, adversely decided "on the merits."[8] In making its ruling, the district court reviewed the record on Allen's first Section 2254 application. According to Allen, by relying on "evidence" outside of the petition, the court in effect treated the State's Rule 9(b) motion to dismiss as one for summary judgment and that, under the analysis of *Hill v. Linahan*, 697 F.2d 1032 (11th Cir.1983), he was entitled to notice of the pending dismissal, which he never received.

In *Hill v. Linahan*, a Section 2254 petitioner appealed from the decision of the district court dismissing his application under Rule 9(a) on grounds of delay.[9]

---

**5.** Rule 9 provides in its entirety:

(a) **Delayed petitions.** A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

(b) **Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

**6.** It is not clear whether Allen informed the court about the first Section 2254 application in his second application. Page four of the second application is missing from the record. The State, however, in its Rule 9(b) motion to dismiss brought the first Section 2254 application to the court's attention, assuming the court was not already aware of it.

**7.** 28 U.S.C. § 2244(b) provides the statutory authority for the dismissal of successive petitions based on claims previously heard and decided and claims deliberately withheld. It provides in pertinent part:

(b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not to be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

**8.** At the evidentiary hearing Allen expected to show that the dismissal of his appeal for failure to file an appellate brief was due to circumstances beyond his control. While the appellate timetable was running, Allen petitioned for appointment of counsel to carry through the appeal, a request which was denied. Allen was unable to prepare and file his brief before it was administratively dismissed.

**9.** Rule 9(a) is intended to minimize abuse of the writ by limiting the right to assert stale claims. Under Rule 9(a) the government may move for dismissal of the habeas corpus petition on grounds that it has been prejudiced in its ability to respond to the petition because of the applicant's delay in filing it. This subsection is based

In response to petitioner's application, the state had filed an answer to which there was attached a brief as well as five documentary exhibits. In recommending dismissal of the petition, the magistrate's report explicitly relied on two of the state's exhibits. Adopting the reasoning of the Fifth Circuit in *McDonnell v. Estelle*, 666 F.2d 246 (5th Cir.1982),[10] we held that the district court's reliance on evidence outside of the pleadings transformed the motion for dismissal into one for a summary judgment under Rules 12(b) and 56 of the Federal Rules of Civil Procedure.[11] Under Rule 56(c), the party opposing the motion is entitled to ten days notice on the theory that the element of finality in a judgment on the merits would motivate the opposing party to rebut the motion with every factual and legal argument available to him. *See Hill,* 697 F.2d at 1034 and cases cited.

■ Allen would have us find that the district court's review of his first petition and the allegations made therein transformed the State's Rule 9(b) motion to dismiss into one for summary judgment, thereby triggering the ten day notice requirement of Rule 56(c), Fed.R.Civ.P. and its application under *Hill.* This we refuse to do. First, we hold that the district court could take judicial notice of prior Section 2254 applications filed by Allen. Second, Allen knew the contents of his first petition since he had filed it, and he was doing a

disservice to the court if he failed to bring the first petition to the court's attention. On these facts, there was no need for the court to give Allen a ten day summary judgment notice.

■ Finally, Allen alleged no facts in his second petition that would have compelled the court to reevaluate Allen's previously asserted claims. Implicit in the court's ruling was the determination that the "ends of justice" would not have been served by such an inquiry. *See Bass v. Wainwright,* 675 F.2d 1204, 1207 (11th Cir.1982) (discussing considerations in determining whether a new inquiry into previously asserted claims is required). We hold that the district court did not abuse its discretion in dismissing Allen's petition on the ground that five of his allegations had been previously determined and dismissed on their merits.

### The Two New Claims

The district court also found that Allen's failure to present his two new claims, that is, the omission of facts from the trial transcript[12] and the alleged conspiracy among the authorities to tamper with the evidence, constituted an abuse of the writ under Rule 9(b). As to these claims, the government had the burden of pleading abuse of the writ. *Sanders,* 373 U.S. at 10–11, 83 S.Ct. at 1074–75; *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063,

---

instead on the equitable doctrine of laches and the government has the burden of showing that it suffered prejudice caused by petitioner's inexcusable delay. *See* Rule 9 advisory committee note; *see also Hill,* 697 F.2d at 1035. *See supra* note 5 for the text of Rule 9(a).

**10.** This court is bound by the caselaw of the former Fifth Circuit handed down before September 30, 1981 unless modified or overruled by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981). Consequently, *McDonnell* is not, as such, binding on us. Having adopted the reasoning of *McDonnell* in *Hill,* however, our law now coincides with that of the Fifth Circuit on this point.

**11.** Rule 9 does not give any procedural guidelines for their implementation. However, Rule 11 directs that the Federal Rules of Civil Procedure, to the extent they are not inconsistent

with the Section 2254 Rules, may be applied when appropriate. Under Rule 12(b)(6), Fed.R. Civ.P., a motion to dismiss that relies on matters outside the pleadings shall be treated as a motion for summary judgment under Rule 56, Fed. R.Civ.P.

**12.** Allen contends, in substance, that the trial judge gave an incorrect *Allen* charge to the jury when they notified him that they were having difficulty in reaching an agreement. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). This constituted at least one element of his claim that the trial judge was not impartial and made prejudicial statements to the jury to influence them to find against Allen. See *supra* note 4, no. 1. As noted previously, the district court disposed of this contention in Allen's first Section 2254 application. His new contention is that the improper *Allen* charge was omitted from the trial transcript.

92 L.Ed. 1356 (1948). The burden then shifted to the petitioner to show that he had not abused the writ. *Price*, 334 U.S. at 292–93, 68 S.Ct. at 1063–64. And the petitioner had to give a good excuse for not having raised his claims previously. *See Sanders*, 373 U.S. at 18, 83 S.Ct. at 1078–79; 28 U.S.C. § 2244(b) *supra* note 7 (phrasing the test in terms of deliberate withholding of possible grounds for relief); *cf. Smith v. Yeager*, 393 U.S. 122, 126, 89 S.Ct. 277, 279–80, 21 L.Ed.2d 246 (1968); *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963) (phrasing the test in terms of excusable neglect). An evidentiary hearing was not necessarily required if the record afforded an adequate basis to make a ruling. *Price*, 334 U.S. at 292–93, 68 S.Ct. at 1063–64.

In response to the State's motion to dismiss, Allen filed a document entitled, "Petitioner's Response In Opposition To A Rule 9(b) Dismissal." In this response, Allen admitted that he was aware of the factual basis of his two new claims but did not realize that they were of constitutional dimension.[13] Based on this response, the district court found that,

> It does not require legal advice to appreciate the fact that an intentional distortion of a trial transcript, or the deliberate

tampering with the evidence, if proven, amount to constitutional claims. Petitioner, having admitted that he was aware of these claims when he filed his first federal habeas action, should have asserted them at that time. Petitioner has failed to establish that these claims were omitted under circumstances amounting to excusable neglect and the court must conclude they were deliberately withheld.[14]

Allen argues again, that he was not provided with the requisite notice of a pending Rule 9(b) dismissal as recommended by the advisory committee note to Rule 9. We do not see what purpose such notice would have served in this instance. Allen's admissions in his response to the motion to dismiss provided the court sufficient grounds on which to make a ruling. Moreover, we believe that the district court gave Allen the benefit of the doubt in treating two of his contentions as claims on "new or different grounds." The factual basis of Allen's new claims are closely intertwined with his previously asserted claims and we find that this has a bearing on whether Allen may avail himself of an exception to the abuse of the writ doctrine.[15]

---

**13.** In *Booker v. Wainwright*, 764 F.2d 1371 (11th Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985), we discussed circumstances that would satisfy the burden of showing that a petitioner had not abused the writ in making new claims. We stated that "dismissal may be averted by showing that the petitioner did not realize 'that those facts [relating to the new claims] would constitute a basis for which federal habeas corpus relief could be granted'." *Id.* at 1376 (citing *Haley v. Estelle*, 632 F.2d 1273 (5th Cir.1980). But we also commented "that the exact scope of this alternative exception to the abuse of the writ doctrine lacks adequate definition." *Id.*

**14.** Although the issue is not directly before us, it helps place the issues involved in this appeal in perspective to consider what the disposition of Allen's two new claims would have been had he raised them in his first Section 2254 proceeding. That would have entailed a determination of whether Allen had a full and fair hearing on these points in the state proceeding as well as whether he had deliberately withheld them for tactical or other reasons. *See generally Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9

L.Ed.2d 770 (1963). These are issues that probably would have been raised in the appeal that was administratively dismissed. Regardless, Allen's failure to raise these two claims in his first Section 2254 proceeding makes our standard of review regarding the merits of these claims in this second proceeding different from what it would have been on appeal from the district court's judgment in the first proceeding. While the merits of the claims continue to weigh in the balance, we must now also consider Allen's conduct in failing to raise these claims earlier.

**15.** The gist of his first new claim, that statements by the trial judge were omitted from the trial transcript, is closely tied to his claim that the trial judge was not impartial and made prejudicial statements to the jury. *See supra*, note 12. As explained earlier, the district court in Allen's first Section 2254 application concluded that petitioner had received a fundamentally fair trial and that he was being constitutionally confined. Allen's second new claim, that the trial judge, the prosecutor, and the public defender conspired with the police to present evidence that had been tampered with, relates to

We can not find that the ends of justice required the district court to make further inquiry into Allen's previously asserted claims. Nor do we find that the district court abused its discretion in finding that Allen had abused the writ by withholding his two new allegations in the first proceeding. The district court's refusal to afford Allen an evidentiary hearing on his second Section 2254 petition was within its discretion.

AFFIRMED.

the claim that the police had tampered with the evidence presented at trial. See *supra* note 4, no. 7. Again, relying on the state court transcript and petitioner's allegations in his first Section 2254 petition, the district court held that there was no credible evidence that the evidence was tampered with.