Steven DIGRADO, Petitioner–Appellant,

v.

John ASHCROFT, Respondent–Appellee.

Docket No. 02–2120.

United States Court of Appeals, Second Circuit.

April 17, 2003.

Robert A. Ratliff, Mobile, Alabama, for Appellant.

Barbara D. Cottrell, Assistant United States Attorney, for Joseph A. Pavone, United States Attorney, Northern District of New York (Sara M. Lord, Assistant United States Attorney, on the brief), Albany, New York, for Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. DENNIS JACOBS, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the sentence of the district court is hereby AFFIRMED.

Petitioner–Appellant, Steven DiGrado, appeals from the dismissal of a petition for habeas corpus he brought under 28 U.S.C. § 2241. DiGrado is currently in the custody of the United States Marshal's Service awaiting trial for reentering the United States—without first seeking the approval of the Attorney General—after having been deported pursuant to a final order of removal. *See* 8 U.S.C. § 1326(a).

In the briefs and at oral argument many issues were raised. Among these are a) whether DiGrado's claims may only shield him from prosecution for illegal reentry if raised in a motion to dismiss the indictment or as a defense at trial pursuant to, and limited by, the requirements of 8 U.S.C. § 1326(d), and b) whether the district court erred in ruling, in the alternative, that DiGrado's prior removal order constituted *res judicata. See Smith v. Yeager,* 393 U.S. 122, 124–25, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968); *see also INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

We need not reach any of these matters. At oral argument, counsel for Appellant informed us that the INS has not lodged a detainer against him with the Marshal's Service. Furthermore, since Appellant's prior removal order has not been reinstated, *see* 8 U.S.C. § 1231(a)(5), he is not now under a final order of removal. There being nothing in the record clearly evidencing the intent of the INS to take custody of DiGrado after his criminal trial and possible incarceration, we find that DiGrado is not in the custody of the INS within the meaning of 28 U.S.C. § 2241(c). *Cf. Frazier v. Wilkinson,* 842 F.2d 42, 45 (2d Cir.1988). We need not decide whether the habeas statute could provide a basis for raising his claims against the INS; as the district court ruled, such relief is not, in any event, available at this time.

We have considered all of Appellant's arguments and find them meritless. We therefore AFFIRM the order of the district court dismissing DiGrado's petition.