**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY C. KAPORDELIS,

      Petitioner - Appellant,

v.

JOHN B. FOX,

      Respondent - Appellee.

No. 17-6142
(D. C. No. 5:17-CV-00124-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Gregory Kapordelis, a federal prisoner appearing pro se, appeals from the district court's order dismissing without prejudice his petition for writ of habeas corpus pursuant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to 28 U.S.C. § 2241.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 2007, Kapordelis was convicted in the United States District Court for the Northern District of Georgia of three counts of producing child pornography, two counts of receiving child pornography, and one count of possessing child pornography.  He was sentenced to a term of imprisonment of 420 months and a $20,000 fine.

Kapordelis filed a direct appeal challenging his convictions and sentence.  The Eleventh Circuit Court of appeals affirmed Kapordelis's convictions and sentence. United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009).  The Supreme Court denied certiorari.  Kapordelis v. United States, 559 U.S. 917 (2010).

In 2011, Kapordelis filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia, asserting twenty-one grounds for relief.  The magistrate judge assigned to the case issued a report and recommendation recommending that the § 2255 motion be denied.  Kapordelis v. United States, No. 1:04-CR-249, 2011 WL 7460097 (N.D. Ga. Dec. 12, 2011).  The district court adopted the report and recommendation and denied Kapordelis's § 2255 motion.  Kapordelis v. United States, No. 1:04-CR-249, 2012 WL 716022 (N.D. Ga. Mar. 6, 2012).  Kapordelis sought but was denied a certificate of appealability from the Eleventh Circuit Court of Appeals.

In 2014, Kapordelis, confined at the time at a federal prison in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States

2

District Court for the Southern District of Illinois. Kapordelis argued that the United States District Court for the Northern District of Georgia lost jurisdiction to entertain his earlier § 2255 motion when the district judge presiding over that case failed to rule on a motion to recuse. That oversight, Kapordelis argued, rendered the § 2255 proceeding defective and the order denying his § 2255 motion void. He in turn argued that, under the savings clause of 28 U.S.C. § 2255(e), the United States District Court for the Southern District of Illinois was authorized to consider and resolve seven of the grounds for relief that he originally identified in his § 2255 motion. The United States District Court for the Southern District of Illinois, however, dismissed Kapordelis's § 2241 habeas petition, concluding that "[s]ection 2255(e) was not inadequate or ineffective to test the legality of his conviction and sentence," and that, in fact, the United States District Court for the Northern District of Georgia denied his § 2255 motion on the merits. Kapordelis v. Walton, No. 14-CV-1005-DRH, 2014 WL 5151030 at *4 (S.D. Ill. Oct. 14, 2014).

Kapordelis appealed the decision and the Seventh Circuit Court of Appeals affirmed the district court's decision. Kapordelis v. Walton, No. 15-3123 (7th Cir. Dec. 14, 2015). The Supreme Court subsequently denied Kapordelis's petition for writ of certiorari. Kapordelis v. Baird, 136 S. Ct. 2474 (2016).

On February 7, 2017, Kapordelis, while confined at the United States Bureau of Prison's Federal Transfer Center in Oklahoma City, Oklahoma, initiated these proceedings by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As he did in the § 2241 habeas petition that he filed in the Southern District of

3

Illinois, Kapordelis's § 2241 petition alleged that his § 2255 proceeding in the Northern District of Georgia was inadequate to test the legality of his sentence "because it was officiated by a personally biased trial judge who expressly refused to litigate the question of his own disqualification" after Kapordelis filed a motion seeking his recusal. ROA, Vol. 1 at 6. Kapordelis in turn sought review of five issues that he previously raised in his § 2255 motion.

On February 13, 2017, the magistrate judge assigned to the case issued a report and recommendation recommending that Kapordelis's § 2241 petition be dismissed with prejudice. The magistrate judge recounted in detail Kapordelis's post-conviction efforts at challenging his convictions and sentence, and concluded that Kapordelis's lack of success did not render "the 28 U.S.C. § 2255 remedy . . . inadequate or ineffective to test the legality of his detention under the Georgia federal convictions." Id. at 7. Further, the magistrate judge noted that Kapordelis had failed "to demonstrate that he . . . satisfied either of the exceptions set forth in 28 U.S.C. § 2255(h)(1) or (2)" that would authorize the filing of a second or successive § 2255 motion. Id. Lastly, the magistrate judge concluded that Kapordelis's "contention that the judges presiding over his § 2255 motion were biased and should have recused themselves d[id] not establish that the § 2255 motion was inadequate or ineffective." Id.

On April 18, 2017, the district court issued an order adopting the magistrate judge's report and recommendation "to the extent it recommend[ed] dismissal of [the] petition . . . under . . . § 2241 for [Kapordelis] not demonstrating the 28 U.S.C. § 2255

4

remedy is inadequate or ineffective to test the legality of his detention." ROA, Vol. 1 at 171. The district court, however, disagreed with the magistrate judge that the petition should be dismissed with prejudice, and, relying on our decision in Abernathy v. Wandes, 713 F.3d 538, 557 (10th Cir. 2013), instead dismissed the petition without prejudice, concluding that it was "based upon a lack of statutory jurisdiction." ROA, Vol. 1 at 171.

Final judgment was issued on April 18, 2017. Kapordelis has since filed a notice of appeal.

II

Kapordelis challenges on appeal the district court's dismissal of his § 2241 habeas petition. We review the district court's order de novo. Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011).

Kapordelis argues that "threshold jurisdiction should be granted under the savings clause set forth at 28 U.S.C. § 2255(e), to review [his] original claims of constitutional error under § 2241." Aplt. Br. at 2. He argues that this is the proper result because his "initial § 2255 proceedings" in the Northern District of Georgia "were structurally inadequate or ineffective to test the legality of [his] conviction and sentence" because the district judge who presided over his § 2255 proceedings was biased against him and refused to rule on a recusal motion filed by Kapordelis. Id. Kapordelis in turn argues that this resulted in a violation of 28 U.S.C. § 144 and "strip[ped] the 2255 judge of subject-matter jurisdiction to 'proceed further' in the case, thus leaving him without authority to dispose of the 2255 claims." Id. Lastly, Kapordelis argues that "savings clause relief is

5

also compelled by the Doctrine of Constitutional Avoidance, where applying 28 U.S.C. § 2255(e) to bar a § 2241 review under [his] circumstances would raise serious concerns under the U.S. Constitution." Id.

"[I]n 28 U.S.C. § 2255 Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." Prost v. Anderson, 636 F.3d 578, 583 (10th Cir. 2011). "If a prisoner's initial § 2255 collateral attack fails, . . . Congress has indicated that it will sometimes allow a prisoner to bring a second or successive attack." Id. But "Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive [§ 2255] motion." Id. at 583-584.

"Yet, even here Congress has provided an out" under the so-called "savings clause" set forth in § 2255(e). Id. at 584. "A prisoner who can't satisfy § 2255(h)'s conditions for a second or successive motion may obviate § 2255 altogether if he can show that 'the remedy by motion' provided by § 2255 is itself 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting 28 U.S.C. § 2255(e)). We have held that the circumstances described in § 2255(e) are "extremely limited," Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999), and it is "the prisoner's burden to show that these conditions . . . apply to his case." Prost, 636 F.3d at 584.

In Prost, we held that "[t]he relevant metric or measure" in applying the savings clause of § 2255(e) "is whether a petitioner's argument challenging the legality of his

6

detention could have been tested in an initial § 2255 motion." 636 F.3d at 584. "If a petitioner's argument challenging the legality of his detention could've been *tested* in a § 2255 motion, the clause is satisfied." Id. (emphasis in original). "In this way, the clause is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." Id. (emphasis in original). In other words, "[t]he ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." Id. at 585.

We also emphasized in Prost that the savings clause "doesn't guarantee *multiple* opportunities to test a conviction or sentence." Id. (emphasis in original). Indeed, we noted, "the savings clause's near neighbor, § 2255(h), . . . restricts second and successive motions to those raising newly discovered evidence or new constitutional rulings." Id. In short, we held, "it is evident that a prisoner generally is entitled to only *one* adequate and effective opportunity to test the legality of his detention, in his *initial* § 2255 motion." Id. at 586 (emphasis in original).

Kapordelis argues that he was deprived of that one adequate and effective opportunity to test the legality of his detention because the district court judge who presided over his § 2255 motion was biased against him and failed to rule on his motion to recuse. In support, Kapordelis argues that this judge, who also oversaw his trial and sentenced him for his convictions, was homophobic and

7

> compared Kapordelis's lawful, private, homosexual-sexual conduct in Prague, Czech Republic, to an attempted rape of a toddler committed by a previously sentenced defendant, and then substantially increased Kapordelis's prison term after concluding that the lawful gay sex was more blameworthy, by comparison.

Aplt. Br. at 7.

We reject Kapordelis's arguments for several reasons. To begin with, we note that Kapordelis raised these same arguments in a prior § 2241 habeas petition that he filed in the Southern District of Illinois. That court rejected Kapordelis's petition and the Seventh Circuit affirmed. Although "the usual principles of res judicata are inapplicable to successive [§ 2241] habeas corpus proceedings," Smith v. Yeager, 393 U.S. 122, 124 (1968), there is nothing in Kapordelis's current § 2241 habeas petition that meaningfully distinguishes it from the prior petition and that would justify a different outcome here.

Further, Kapordelis's claims of bias on the part of the trial judge were, contrary to his assertions, considered and rejected in his § 2255 proceeding. In Ground 18 of his § 2255 motion, Kapordelis challenged his convictions and sentence on the basis that the district judge was overwhelmingly biased against him. The magistrate judge assigned to the case concluded that Ground 18 was procedurally defaulted because Kapordelis could have, but failed to, raise the issue on direct appeal. Kapordelis v. United States, No. 1:04-CR-249, 2011 WL 7460097 at *9 (N.D. Ga. Dec. 12, 2011). Kapordelis also argued in Ground 16 of his § 2255 motion that his direct appeal counsel was ineffective for failing "to argue on appeal that the judges who handled his case were homophobic, bigoted, and had an improper motivation to rule against Kapordelis." Id. at *11. The magistrate judge

8

recommended rejecting this claim on the merits, concluding "it was clearly reasonable for" Kapordelis's appellate counsel "to choose not to argue [this] on appeal." Id. The district court in turn "adopt[ed] the report and recommendation as the opinion and order of th[e] court" and denied Kapordelis's § 2255 motion. Kapordelis v. United States, 1:04-CR-249, 2012 WL 716022 at *1 (N.D. Ga. Mar. 6, 2012).

Lastly, the Eleventh Circuit's decision affirming Kapordelis's convictions and sentence on direct appeal dispels any notion that the trial judge, at the time of sentencing Kapordelis, was biased against Kapordelis and punished him for his sexual orientation or for engaging in consensual sexual conduct. The fact of the matter is that, as the Eleventh Circuit recounted in substantial detail, Kapordelis engaged in "sexual exploits with underage boys . . . across state lines and around the world" for a period of approximately twenty years. 569 F.3d at 1298. These exploits included, among other things, drugging and then photographing and/or molesting underage boys in the United States and foreign countries, and "engag[ing] the services of young male prostitutes" in Prague, Czech Republic, including at least one such prostitute who Kapordelis knew to be 14 years old.[1] Id. at 1302. Kapordelis was also found to be in possession of thousands of images of child pornography on his home computers, as well as homemade videos depicting himself drugging and molesting victims. It was these facts, as well as Kapordelis's lack of remorse, that formed the basis for the district court's sentencing decision. Id. at 1318.

---

[1] Kapordelis also conceded in his direct appeal "that he engaged in sexual acts with minors while he was in Prague." 569 F.3d at 1313.

More specifically, as the Eleventh Circuit concluded in affirming Kapordelis's sentence, the district court selected the sentence based "on Kapordelis's history of abuse, the number of images that he possessed, and the need to protect society." Id. at 1319.

In sum, we conclude that Kapordelis was not deprived of the adequate and effective opportunity to test the legality of his detention in his initial § 2255 motion. We in turn conclude that Kapordelis cannot rely on the savings clause of § 2255(e) as a gateway to seek federal habeas relief under § 2241. We therefore agree with the district court that it lacked statutory jurisdiction to entertain his § 2241 habeas petition. Abernathy, 713 F.3d at 557 ("when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge